IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| PLAINTIFF, | : |
| | : |
| v. | : CIVIL ACTION NO. 2:06CV116-DRB |
| | : |
| FIVE HUNDRED FORTY-THREE | : |
| THOUSAND ONE HUNDRED NINETY | : |
| DOLLARS ($543,190.00) | : |
| IN UNITED STATES CURRENCY, | : |
| | : |
| DEFENDANT. | : |

RECEIVED 2006 FEB -7 A 9: 35 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT

VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, in a civil cause of forfeiture *in rem* respectfully alleges as follows:

NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Five Hundred Forty-Three Thousand One Hundred Ninety Dollars ($543,190.00) in United States currency (hereinafter, "Defendant currency") which was seized on August 29, 2005, for violations of Title II of the Controlled Substances Act, Title 21, United States Code, Sections 801 *et seq*.

JURISDICTION AND VENUE

2. The United States brings this action *in rem* in its own right to forfeit and condemn the Defendant currency under Title 21,

United States Code, Section 881(a)(6). This Court has jurisdiction over this matter by virtue of Title 28, United States Code, Section 1345 and Section 1355.

3. Venue is proper in this district pursuant to Title 28, United States Code, Section 1355 and Title 21, United States Code, Section 881(j), because the acts and omissions giving rise to the forfeiture occurred in this district and the property is located within the Middle District of Alabama.

### THE DEFENDANT IN REM

4. The Defendant currency consists of Five Hundred Forty-Three Thousand One Hundred Ninety Dollars ($543,190.00) in United States currency, which was seized on August 29, 2005.

### FACTS

5. The facts and circumstances supporting the seizure of the Defendant currency are as follows:

a. Enrique Alcaraz-Barajas (Alcaraz-Barajas) was a passenger in a vehicle that was stopped for a traffic violation on Interstate 85 in Montgomery County, Alabama. During routine questioning, the Trooper noticed Alcaraz-Barajas was breathing heavy and appeared nervous. As Alcaraz-Barajas handed the Trooper his identification, the Trooper noticed Alacaraz-Barajas' hand was shaking. When the driver, Esther Sandoval (Sandoval), was asked about currency in the vehicle, she appeared to answer nervously. Sandoval agreed to a search of the vehicle.

b. Two duffle bags, one red and one black, were found in the back of the vehicle. Alcaraz-Barajas claimed ownership of the bags and gave the Trooper consent to search them. Both bags contained bundles of United States currency. The black bag contained One Hundred Sixty Thousand Two Hundred Eighty Dollars ($160,280.00), and the red bag contained Three Hundred Eighty-Two Thousand Nine Hundred Ten Dollars ($382,910.00). Sandoval said she did not know who owned the money. Another passenger, Mario Martinez (Martinez), asserted no knowledge of any money in the vehicle and that he had no luggage in the vehicle.

c. Alcaraz-Barajas claimed he had found the money about a month before near a hotel in which he was residing in Tampa, Florida. Alcaraz-Barajas asked his sister Sandoval to travel to Tampa to open a safe deposit box. Alcaraz-Barajas stated that Sandoval did travel to Tampa and they did acquire a safe deposit box and placed the "found" money there in. Alcaraz-Barajas stated that on August 29, 2005, he and Sandoval went to the bank and retrieved the money. However, Sandoval stated that she did not go to any bank while in Tampa, but that she did have a safe deposit box in another area of Florida.

d. As a result of an immigration check, it was discovered that Alcaraz-Barajas had never been lawfully admitted into the United States. Subsequently, Alcara-Barajas admitted to

residing in the United States illegally in order to obtain medical treatment. He was arrested and taken into custody.

  e. A trained drug detection dog alerted upon the black bag and the luggage compartment of the vehicle. An alert means that the dog has detected the exposure of the item involved to illegal drugs or materials used in illegal drug manufacture or preparation.

## CLAIM FOR RELIEF

6. The United States repeats and realleges each and every allegation set forth in Paragraphs 1 through 5.e. above.

7. The Defendant currency constitutes monies furnished, or intended to be furnished, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate violations of Title 21, United States Code, Sections 801 *et seq*.

8. As a result of the foregoing, the Defendant currency is liable to condemnation and to forfeiture to the United States of America for its use, in accordance with Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States of America requests that the Court issue a Warrant and Summons for the arrest and seizure of the Defendant currency; that notice of this action be given to all persons known or thought to have an interest in or right against the currency; that the Defendant currency be forfeited and

4

condemned to the United States of America; that the United States of America be awarded its costs and disbursements in this action; and, for such other and further relief as this Court deems proper and just.

Respectfully submitted this 6th day of February, 2006.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

*/s/ John T. Harmon*
John T. Harmon [HAR108]
Assistant United States Attorney

Address of Counsel:

Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone: (334) 223-7280
Facsimile: (334) 223-7560
E-mail: John.Harmon@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STATE OF ALABAMA    )
COUNTY OF MONTGOMERY)

VERIFICATION

I, Agent Joseph Herman, hereby verify and declare under penalty of perjury that I am an Agent with the Alabama Bureau of Investigation who has been deputized as a Task Force Agent with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint In Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Done this  6  day of  February , 2006.

_____
Joseph B. Herman, Deputize Task Force Agent
Drug Enforcement Administration

Sworn to and subscribed before me this the  6TH  day of February , 2006.

_____
Notary Public
Commission Expires: 9.23.09