IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 2:06-CV-00116-MEF |
| | * | |
| FIVE HUNDRED FORTY-THREE | * | |
| THOUSAND ONE HUNDRED NINETY | * | |
| DOLLARS ($543,190.00 in United States | * | |
| Currency | * | |
| Defendant. | * | |
| and | * | |
| | * | |
| ENRIQUE ALCARAZ-BARAJAS, | * | |
| | * | |
| Claimant. | * | |

BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS

**COMES NOW** Claimant Enrique Alcaraz-Barajas, by and through the undersigned

attorney and submits the following in support of his Motion to Dismiss:

FACTS

On August 29, 2005 the Claimant, Enrique Alacaraz-Barajas, was stopped by an Alabama

State Trooper on Interstate 85 in Montgomery County, Alabama. The Trooper searched the

vehicle and found Five Hundred Forty -Three Thousand One Hundred Ninety Dollars

($543,190.00) in United States Currency. The Claimant was arrested for False Impersonation of

a Citizen and the United States Currency found was seized.

On November 29, 2005 the U.S. Department of Justice Drug Enforcement Administration

mailed a Notice of Seizure to the Claimant at the Montgomery City Jail. Undersigned counsel

was retained on December 22, 2005 to represent the Claimant. The Claimant filed a Claim with

the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug

Enforcement Administration, Hqs Forfeiture Response on January 3, 2006. On January 18, 2006

the U. S. Department of Justice Drug Enforcement Administration Office of Operations

Management mailed an acceptance of the Claim to undersigned counsel, thereby acknowledging acceptance of the Claim and counsel's representation of Claimant. (Copy of Acceptance of Claim Attached)

On February 7, 2006 the United States Attorney's Office for the Middle District of Alabama filed a Verified Complaint for Forfeiture in Rem. On February 27, 2006 this Honorable Court entered an Order for Warrant for Arrest of Property and Ordered that the Government "shall serve upon all persons known or thought to have an interest in or right against the currency a copy of this warrant and summons and the verified complaint in rem." The Warrant and Summons for Arrest in Rem were sent to the United States Marshals for service on February 27, 2006.

The United States Marshals acknowledged service of the Complaint, Notice and Warrant on the following dates and persons/publications as follows:

| | |
|---|---|
| L. A. Daily Journal Corporation | March 6, 2006 |
| Defendant Currency | March 9, 2006 |
| Montgomery Advertiser | March 16, 2006 |
| The Tampa Tribune | April 25, 2006 |
| Jerome C. Carter | April 28, 2006 |

The Claimant was never served nor was undersigned counsel asked to accept service on the Claimant's behalf.

The Claimant was in the custody of the United States Marshal and was held in the Montgomery City Jail from August 29, 2005 to January 31, 2006. On January 31, 2006 he was released into the custody of the Immigration and Naturalization Service and transferred to the Etowah County, Alabama, Jail. The Claimant was held in the Etowah County Jail until March 10, 2006, when he was transferred to Oakdale Federal Detention Center in Oakdale, Louisiana. The Claimant was released from the Oakdale Federal Detention Center on April 4, 2006 and immediatly deported to Mexico.

The United States Attorney's Office for the Middle District of Alabama was aware that

the Claimant was in the custody of the United States Marshal and the Immigration and

Naturalization Service as it was part of the Claimant's Plea Agreement (pertinent portion

attached) in his case for False Impersonation of a Citizen, CR. No. 2:05-CR-0189-F.

## DEFENDANT'S CONTENTIONS

_____Defendant contends that the complete failure of the government to follow the ORDER of

this Court regarding personal service has effectively deprived the defendant of both notice and

the opportunity for hearing required for due process.  Because the deprivation of due process

results from intentional failure to do that required by law and by order of this Court, this cause

should be dismissed because no other adequate remedy is available.

## DISCUSSION

The Due Process Clauses of the 5th and 14th amendments require that, prior to an action

that will affect an interest in life, liberty or property protected by those clauses, notice must be

provided that is reasonably calculated, under all the circumstances, to apprise interested parties of

the pendency of the action AND afford them an opportunity to present their objections and be

heard on those objections.  The means employed must be such as one desirous  of actually

informing the absentee might reasonably adopt to accomplish it. **Mullane v. Central Hanover**

**Bank & Trust Co, 339 U.S. 306, 315, (1950); Mennonite Board of Missions v. Adams, 462**

**U.S. 791 (1983); United States v. James Daniel Good Real Property, 510 U.S. 306 (1993).**

Notice is constitutionally defective as to known persons whose whereabouts are also known

when it is not reasonably calculated, under all the circumstances, to apprise interested parties of

the pendency of the action and afford them an opportunity to present their objections.

**Dusenbery v. United States, 534 U.S. 161 (2002).**

_____The Eleventh Circuit cites with approval the observations of David B. Smith in

Prosecution and Defense of Forfeiture Cases, P 6.01 at 6-4 & 6-5 (12/91) to the effect that

"Although the purpose of the administrative forfeiture is merely to allow the government to avoid

the necessity of filing suit and obtaining a default judgment in uncontested cases, the government

has been using the procedure to deny would-be claimants access to the courts....Law enforcement

agencies are declaring administrative forfeitures whenever the claimant fails to comply strictly with the short time limits for filing a claim and cost bond or when the agency believes that an in forma pauperis affidavit submitted in lieu of a cost bond is noty meritorious." **Sammons v. Taylor, 967 F.2d 1533 (11th Cir. 1992).**

In the situation of Claimant Alcaraz-Barajas, the government knew:

1.   That an administrative claim had been filed by Mr. Alcaraz-Barajas with the DEA;

2.   That undersigned counsel represented him in the matter;

3.   That Claimant was in the custody of the government;

4.   That he would be deported pursuant to the plea agreement and the sentence in his criminal case;

5.   That he was still available for personal service at the time of filing and remained so for almost two months;

6.   That the government never attempted service on Claimant;

7.   That the government never attempted service on undersigned counsel.

This cause should be dismissed because it is the only effective remedy for the failure of government to act in a constitutional manner.  Though some remedy could have been fashioned prior to deportation that would have permitted Claimant to effectively litigate his claim, such as staying deportation, that time is past.  The Claimant cannot lawfully come to court to testify regarding necessary issues such as illegal stopping of his vehicle, illegal detention and questioning, illegal search of the vehicle, illegal seizure and detention of the subject currency, and, indeed, the core allegations of the case regarding the nature and source of the currency.  This results from what can only be viewed as an intentional failure to provide notice of this action so that Claimant would be deprived of his opportunity to be heard except by Motion to Dismiss. The Supreme Court has said that disentitlement might be justified where the government might be prejudiced by the extended absence of a fugitive.  **Degen v. United States, 517 U.S. 820 (1996)**. It is reasonable that, because the absence of Claimant from full and meaningful litigation

of his claim is the fault of the government, the government's forfeiture effort should be disentitled.                    **CONCLUSION**

This action should be dismissed and the government should be ordered to return the subject funds to Claimant through his undersigned attorney.

Respectfully submitted on this the 16th day of June,  2006.

S/Bruce Maddox
Bruce Maddox (MAD013)
Attorney for Enrique Alcaraz-Barajas

Of Counsel:

Law Offices of Bruce Maddox
6728 Taylor Court
Montgomery, Alabama 36117
Phone:  334-244-7333
Fax: 334-260-9600

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th  day of June, 2006, I electronically filed the foregoing with the Clerk of Court  using the CM/ECF system which will send notification of such filing to John Harmon, Asst. United States Attorney.

S/Bruce Maddox
Bruce Maddox (MAD013)