IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
|         PLAINTIFF, | : |
|     v. | :   CIVIL ACTION NO.2:06cv116-F |
| FIVE HUNDRED FORTY-THREE THOUSAND ONE HUNDRED NINETY DOLLARS ($543,190.00) IN UNITED STATES CURRENCY, | : |
|         DEFENDANT. | : |

RESPONSE TO MOTION TO DISMISS

Comes now the United States of America (United States), by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, and hereby states as follows:

I.    Background.

On August 29, 2005, $543,190.00 in cash was seized from Enrique Alcaraz-Barajas (Alcaraz-Barajas). On February 7, 2006, the United States filed a Verified Complaint for Forfeiture In Rem naming the seized cash as the defendant. On February 27, 2006, this Honorable Court issued its Warrant of Arrest In Rem.

The United States attempted service on Alcaraz-Barajas at 16411 McFadden Avenue, Apartment 302, Tustin, California 92780 (the address given by Alcaraz-Barajas at the time of seizure), and apparently also at the Montgomery City Jail. The Form USM-285 reflecting these attempts does not show that actual service was accomplished. On April 28, 2006, the United States personally

served attorney Jerome C. Carter at 401 Church Street, Mobile, Alabama 36602. Mr. Carter was listed as Alcaraz-Barajas's attorney on the DEA notice of seizure form. The United States also published notice of this seizure, pursuant to this Court's warrant, in the Tampa Tribune, the Los Angeles Daily Journal, and the Montgomery Advertiser. Publication was complete by April 14, 2006. Additionally, the United States attempted to serve Esther A. Sandoval and Guillermo Mario Martinez, who were present with Alcaraz-Barajas at the time of seizure.

On May 2, 2006, Alcaraz-Barajas filed a timely claim in this cause and on June 1, 2006, he filed an Answer.

II. Argument and Citation of Authority.

A. Statement of Issues.

Alcaraz-Barajas asserts that this case should be dismissed because actual personal service was not accomplished upon either him or his attorney.[1] Apparently Alcaraz-Barajas contends that actual notice is a constitutional requirement and that this alleged failure of notice was orchestrated in order to have him deported so he could not defend against this forfeiture.

---

[1] Alcaraz-Barajas asserts that the United States was aware of the name of the attorney making an appearance in this case. Undersigned counsel has reviewed his files on this matter. The referral package to this office reflects attorney Carter as counsel. This office has no document reflecting Mr. Maddox as counsel prior to his notice of appearance filed on May 12, 2006. However, it does appear that Mr. Maddox was noted as counsel on the January 18, 2006 notification of referral by DEA.

B.  <u>Alcaraz-Barajas Received Actual Notice</u>.

There can be no stronger evidence of actual notice than that the person to whom the process was directed takes the action required by the notice.

Here, Alcaraz-Barajas has filed a Claim and an Answer as required to bring this matter before the Court. There is no explanation for these filings other than notice of the pendency of this action. Nothing else is required and Due Process is certainly achieved when a claimant has a full and fair opportunity to litigate his case before this court.

C.  <u>Actual Notice Is Not Constitutionally Required</u>.

Alcaraz-Barajas asserts that failure to give actual notice is a due process violation. This is not correct. The United States is required to file a complaint for forfeiture in the manner prescribed in the Supplemental Rules for Certain Admiralty And Maritime Claims ("Rules"). <u>See</u> 18 U.S.C. § 983(a)(3)(A). Rule C(4) of the Rules states that the only notice required is public notice in a newspaper designated by the court. (The United States also seeks to give direct notice if possible).

It is clear that actual notice is not required because 18 U.S.C. § 983(a)(4)(A) states that a person asserting a claim must file that claim not later than 30 days after the service of the complaint **or**, as applicable, not later than 30 days after

the date of final publication of notice of filing the complaint. Either method of service is sufficient.[2]

Even if personal service was required, actual notice is not constitutionally mandated. In the context of notice in non-judicial civil forfeiture proceedings

> ...due process requires only that interested persons be given "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed 865 (1950). Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not requires that the government demonstrate that it was successful in providing actual notice. (cite omitted).

<u>Mesa Valderrama v. U.S.</u>, 417 F.3d 1189, 1196-97 (11th Cir. 2005).

The efforts to effect notice by the United States were reasonably calculated to apprise interested parties of this action and were in accordance with the Court's warrant, the Rules and the applicable statute.

The United States would also note that it strains good faith to assert that the efforts of the United States to give

---

[2] Alcaraz-Barajas asserts that the Court's warrant required personal service. In fact, the Warrant orders service upon all persons known or thought to have an interest in the defendant property, "in a manner consistent with the principles of service of process of an action in rem under the Supplemental Rules For Certain Admiralty And Maritime Claims...." In this case, service was accomplished in a manner consistent with these Rules.

notice were not adequate when, in fact, notice was given as evidenced by the timely claim of Alcaraz-Barajas. It is at best disingenuous to assert that an action was insufficient or taken in bad faith when the intended result of the action was in fact accomplished. Finally, even if the United States had failed to provide notice in the required manner, Alcaraz-Barajas suffered no prejudice to his ability to file a claim and bring this matter before the court.

    C.    <u>Alcaraz-Barajas's Ability To Defend This Action Has Not Been Impaired</u>.

Alcaraz-Barajas asserts that the United States was involved in an "intentional failure to provide notice of this action so that the Claimant would be deprived of his opportunity to be heard except by Motion to Dismiss." This is apparently based upon an assertion that Alcaraz-Barajas has been deported and that, had he been noticed, "....some remedy could have been fashioned prior to deportation that would have permitted Claimant to effectively litigate his claim, such as staying deportation,..."

Alcaraz-Barajas states that he was deported to Mexico on April 14, 2006. Publication was completed by that date, so he in fact had notice of this action. <u>See</u> argument above.

However, as Alcaraz-Barajas himself admits, he received notice from DEA on January 18, 2006 that this matter had been referred to the United States Attorney's Office for the Middle District of Alabama and that all inquiries should be directed to

that office. (See attachment to Alcaraz-Barajas's Brief). Certainly Alcaraz-Barajas's experienced counsel was aware that it was very likely that judicial action against this currency was forthcoming. If Alcaraz-Barajas desired to "fashion" a remedy a request to this office or to the court was the prudent and effective step to take.[3]

Moreover, it is not clear that Alcaraz-Barajas is not available to effectively litigate his claim. Although Alcaraz-Barajas asserts that he was deported on April 14, 2006, he was apparently able to verify his claim before a notary in Orange County, California on May 2, 2006. (See Verified Claim filed May 12, 2006). Either Alcaraz-Barajas has, once again, illegally entered this country, or the signature allegedly verifying his claim is not in fact his signature, or he has found a way to be actively involved in his case despite his "deportation". It does not appear that his "deportation" has prevented him from participating in this litigation or that his future participation is imperiled.

Finally, Alcaraz-Barajas has not cited any authority to show that the pendency of a civil forfeiture action is a bar to

---

[3] The United States would note that there may be remedies available should Alcaraz-Barajas show actual prejudice by way of his deportation. It is incumbent upon Alcaraz-Barajas's counsel to take the necessary action to achieve this if the facts warrant relief.

deportation.  It is not at all clear that Alcaraz-Barajas could have prevented deportation even if he had filed in this case.

   III. Conclusion.

   Alcaraz-Barajas received notice and has in fact appeared in this case.  He has suffered no prejudice and he has no grounds to seek dismissal.  His motion should be denied.

   Respectfully submitted this 26th day of June, 2006.


                    FOR THE UNITED STATES ATTORNEY
                         LEURA G. CANARY



                    /s/ John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney
                    Bar Number: 7068-II58J
                    Office of the United States Attorney
                    Middle District of Alabama
                    One Court Square, Suite 201 (36104)
                    Post Office Box 197
                    Montgomery, Alabama 36101-0197
                    Telephone:(334) 223-7280
                    Facsimile:(334) 223-7560
                    E-mail: John.Harmon@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on June 26, 2006, I electronically filed the foregoing Response to Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Bruce Maddox**.

```
                        /s/ John T. Harmon
                        John T. Harmon
                        Assistant United States Attorney
                        Office of the United States Attorney
                        Middle District of Alabama
                        One Court Square, Suite 201 (36104)
                        Post Office Box 197
                        Montgomery, Alabama 36101-0197
                        Telephone:(334) 223-7280
                        Facsimile:(334) 223-7560
                        E-mail: John.Harmon@usdoj.gov
                        Bar Number: 7068-II58J
```