IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * CASE NO. 2:06-CV-00116-MEF |
| FIVE HUNDRED FORTY-THREE THOUSAND ONE HUNDRED NINETY DOLLARS ($543,190.00 in United States Currency | * |
| Defendant. | * |
| and | * |
| ENRIQUE ALCARAZ-BARAJAS, | * |
| Claimant. | * |

## CLAIMANT'S REPLY BRIEF

**COMES NOW** Claimant Enrique Alcaraz-Barajas, by and through the undersigned attorney and replies to the Government's Response to Claimant's Motion to Dismiss as follows:

### FACTS

On August 29, 2005 the Claimant, Enrique Alacaraz-Barajas, was stopped by an Alabama State Trooper on Interstate 85 in Montgomery County, Alabama.  The Trooper searched the vehicle and found Five Hundred Forty -Three Thousand One Hundred Ninety Dollars ($543,190.00) in United States Currency.  The Claimant was arrested for False Impersonation of a Citizen and the United States Currency found was seized.

On November 29, 2005 the U.S. Department of Justice Drug Enforcement Administration mailed a Notice of Seizure to the Claimant at the Montgomery City Jail.  Undersigned counsel was retained on December 22, 2005 to represent the Claimant.  The Claimant filed a Claim with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, Hqs Forfeiture Response on January 3, 2006.  On January 18, 2006 the U. S. Department of Justice Drug Enforcement Administration Office of Operations

Management mailed an acceptance of the Claim to undersigned counsel, thereby acknowledging acceptance of the Claim and counsel's representation of Claimant.

On February 7, 2006 the United States Attorney's Office for the Middle District of Alabama filed a Verified Complaint for Forfeiture in Rem. On February 27, 2006 this Honorable Court entered an Order for Warrant for Arrest of Property and Ordered that the Government "shall serve upon all persons known or thought to have an interest in or right against the currency a copy of this warrant and summons and the verified complaint in rem." The Warrant and Summons for Arrest in Rem were sent to the United States Marshals for service on February 27, 2006.

The United States Marshals acknowledged service of the Complaint, Notice and Warrant on the following dates and persons/publications as follows:

| | |
|---|---|
| L. A. Daily Journal Corporation | March 6, 2006 |
| Defendant Currency | March 9, 2006 |
| Montgomery Advertiser | March 16, 2006 |

The Claimant was never served nor was undersigned counsel asked to accept service on the Claimant's behalf.

The Claimant was in the custody of the United States Marshal and was held in the Montgomery City Jail from August 29, 2005 to January 31, 2006. On January 31, 2006 he was released into the custody of the Immigration and Naturalization Service and transferred to the Etowah County, Alabama, Jail. The Claimant was held in the Etowah County Jail until March 10, 2006, when he was transferred to Oakdale Federal Detention Center in Oakdale, Louisiana. The Claimant was released from the Oakdale Federal Detention Center on April 4, 2006 and immediately deported to Mexico.

The United States Attorney's Office was aware that the Claimant was in the custody of the United States Marshal and the Immigration and Naturalization Service as it was part of the Claimant's Plea Agreement in his case for False Impersonation of a Citizen, CR. No. 2:05-CR-0189-F.

**Government's Claim of Actual Notice**

Undersigned counsel, after filing the DEA claim previously referenced, noted the time within which an action must be filed by the government for condemnation. The action was due to be filed by April 3, 2006. After that deadline, communications with Claimant (who was extradited to Mexico on April 4, 2006) indicated that he had received no notice of an action. Counsel initiated a search of court records through the PACER system. Finally discovering that this action had been filed, Claimant filed his Motion to Dismiss. The government, while asserting that they attempted personal service (without defining how) on two other individuals who were present at the seizure (Esther A. Sandoval and Guillermo Mario Martinez), does not claim to have even tried to effect personal service on Claimant even with knowledge that he had filed a claim with the DEA. The claim that the DEA referral information listed Mr. Carter as counsel is interesting. Claimant should not be deprived of an opportunity for litigation because one part of the government fails to fully transfer information to another part of the government. Whether the DEA or the United States Attorney, the government is the government and the burden of due process falls on them equally. Claimant also reiterates that the United States Attorney's Office was aware that the Claimant was in the custody of the United States Marshal and the Immigration and Naturalization Service as it was part of the Claimant's Plea Agreement in his case for False Impersonation of a Citizen, CR. No. 2:05-CR-0189-F.

**Government's Claim That Actual Notice Is Not Constitutionally Required**

Claimant agrees that actual notice is not always constitutionally required. Even if the government's argument is accepted, however, the government failed their own test. They knew where Claimant was and they did not publish there. They knew who represented him in the matter and did not attempt service on counsel. The government even cites **Mullane v. Central Hanover Bank & Trust Co, 339 U.S. 306, 315, (1950)**. Unfortunately, they ignore the language cited to the effect that the notice be "reasonably calculated **under all the circumstances**, to apprise interested parties of the pendency of the action and **afford them an opportunity to present their objections**." (emphasis supplied). The government knew that the Claimant had

claimed, that he was neither in Tampa nor Los Angeles, that he was in government custody, that he would be extradited, that he was represented by the undersigned, and that he could not effectively present his objections if not given the opportunity before extradition. Adequate notice is not provided unless the means employed are such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. **Mullane v. Central Hanover Bank & Trust Co**, 339 U.S. 306, 315, (1950); **Mennonite Board of Missions v. Adams**, 462 U.S. 791 (1983); **United States v. James Daniel Good Real Property**, 510 U.S. 306 (1993).

### Government's Claim That Claimant's Defense Is Not Impaired

Contrary to the government's brief, Claimant asserts that he was deported on April 4, 2006, asserting that publication was complete by April 14, 2006, and, thus, Claimant had notice of the action. Publication was complete in the Los Angeles Times on March 6, 2006. Unfortunately, Claimant was held by the government in jail in Etowah County, Alabama. There is no reason to believe that this jail subscribes to the Los Angeles Times. Publication was complete in the Tampa Tribune on April 28, 2006. Unfortunately, Claimant was in the custody of the Government part of that time in Louisiana (where there is no reason to believe that the Tampa Tribune was available), and was deported to Mexico by the government on April 4, 2006. Notice in these publications was not a means employed such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.

### CONCLUSION

This cause should be dismissed because it is the only effective remedy for the failure of government to act in a constitutional manner.

Respectfully submitted on this the 5th day of July, 2006.

S/Bruce Maddox  
Bruce Maddox (MAD013)  
Attorney for Enrique Alcaraz-Barajas

Of Counsel:

Law Offices of Bruce Maddox
6728 Taylor Court
Montgomery, Alabama 36117
Phone:   334-244-7333
Fax: 334-260-9600

### CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2006, I electronically filed the foregoing with the Clerk of Court  using the CM/ECF system which will send notification of such filing to John Harmon, Asst. United States Attorney.

                                                  S/Bruce Maddox
                                                  Bruce Maddox (MAD013)