IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v.  ) | CASE NO.: 2:06-cv-116-MEF |
| ) | |
| FIVE HUNDRED FORTY-THREE ) | (WO-Not Recommended for Publication) |
| THOUSAND ONE HUNDRED NINETY ) | |
| DOLLARS ($543,190.00) IN UNITED ) | |
| STATES CURRENCY, ) | |
| ) | |
| DEFENDANT. ) | |

**MEMORANDUM OPINION AND ORDER**

This action arising out of a Verified Complaint for Forfeiture in Rem is before the court on a Motion to Dismiss (Doc. # 10) filed by Claimant, Enrique Alcaraz-Barajas ("Alcaraz-Barajas") on June 1, 2006. For the reasons set forth below, the motion is due to be DENIED.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 29, 2005, an Alabama State Trooper stopped a vehicle on Interstate 85 in Montgomery County, Alabama for a traffic violation. Compl. at ¶ 5. Alcaraz-Barajas and two other people were inside the vehicle. *Id.* With the consent of the vehicle's driver, Ester Sandoval, the Alabama State Trooper searched the vehicle and found two duffle bags. *Id.* Alcaraz-Barajas claimed ownership of the bags and consented to the search of the bags which contained $543,190 in United States currency. *Id.* Alcaraz-Barajas claimed he had found the money near a hotel in Tampa, Florida. *Id.* At some point, a trained drug detection dog

alerted on one of the bags and the luggage compartment of the vehicle thereby indicating that the dog had detected the exposure of the bag and the compartment to illegal drugs or materials used in illegal drug manufacture or preparation. *Id.*

As a result of an immigration check, the Alabama State Trooper discovered that Alcaraz-Barajas had never been lawfully admitted into the United States. *Id.* Alcaraz-Barajas admitted to residing in the United States illegally in order to obtain medical treatment. *Id.* The Alabama State Trooper arrested Alcaraz-Barajas for false impersonation of a citizen and took him into custody. *Id.* Alcaraz-Barajas remained in custody from the time of his arrest until the time of his deportation on April 4, 2006. On November 3, 2005, he entered into a plea agreement with the United States and pled guilty to false impersonation of a citizen in violation of 18 U.S.C. § 911. As part of this plea agreement, Alcaraz-Barajas agreed to submit to federal immigration authorities for deportation. On January 20, 2006, Alcaraz-Barajas was sentenced to time served for this offense.

Alcaraz-Barajas was in the custody of the United States Marshal and held in the Montgomery City Jail from August 29, 2005 to January 31, 2006. On January 31, 2006, he was released into the custody of the Immigration and Naturalization Service and transferred to the Etowah County jail. He was held in Etowah County until March 10, 2006, when he was transferred to Oakdale Federal Detention Center in Oakdale, Louisiana. He was held in the Oakdale Federal Detention Center until April 4, 2006, when he was deported to Mexico.

On November 29, 2005, the U.S. Department of Justice Drug Enforcement Administration mailed a Notice of Seizure to Alcaraz-Barajas at the Montgomery City Jail. On December 22, 2005, Alcaraz-Barajas retained Bruce Maddox ("Maddox") as counsel to represent him. On January 3, 2006, Alcaraz-Barajas filed a Claim with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations, Drug Enforcement Administration, Hqs Forfeiture Response. On January 18, 2006, the U.S. Department of Justice Drug Enforcement Administration Office of Operations Management mailed an acceptance of the Claim to Maddox, thereby acknowledging acceptance of the Claim and Maddox's representation of Alcaraz-Barajas.

On February 7, 2006, the United States Attorney's Office for the Middle District of Alabama filed a Verified Complaint for Forfeiture in Rem seeking to forfeit and condemn to the use and benefit of the United States of America $543,190 in United States currency seized from Alcaraz-Barajas on August 29, 2005, for violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* On February 27, 2006, this court entered an Order for Warrant for Arrest of Property and ordered that the Government serve a copy of the Warrant, Summons, and Verified Complaint for Forfeiture in Rem on all persons known or thought to have an interest in or right against the currency.

The United States has represented that it attempted service on Alcaraz-Barajas at the Tustin, California address he gave as his home address at the time of his arrest. The United States has also represented that it attempted service on Alcaraz-Barajas at the Montgomery

City Jail. The United States concedes that its records indicate that actual service was not accomplished by either of these attempts. The United States has not provided any information to the court from which it could ascertain the dates on which either of these attempts at service on Alcaraz-Barajas were made.[1]

It is undisputed that the United States never attempted service on Maddox, Alcaraz-Barajas' counsel of record as of January of 2006. Instead, on April 28, 2006, the United States personally served an attorney in Mobile named Jerome C. Carter ("Carter"). The United States contends that was listed as Alcaraz-Barajas' attorney on the DEA notice of seizure form.[2] The United States claims that despite the fact that the Drug Enforcement Administration had acknowledged Maddox as counsel of record, it had no document reflecting that Maddox had appeared as counsel prior to May of 2006.

The United States has also indicated that it has attempted to serve Ester Sandoval and Guillermo Mario Martinez, the two people present in the vehicle with Alcaraz-Barajas at the time the currency was found and seized. The United States has provided the court with no information regarding how or when service was attempted on them or whether it was successful.

Finally, the United States published notice of the seizure in three different newspapers: the Tampa Tribune, which is a Florida newspaper; the Los Angeles Daily

---

[1] The United States refers to a Form USM-285 as containing information relating to these attempts at service on Alcaraz-Barajas, but it has not provided a copy to the court.

[2] A copy of this form has not been provided to the court.

Journal, a California publication; and the Montgomery Advertiser, which is a Montgomery, Alabama newspaper. The publication in the Montgomery Advertiser ran for three consecutive weeks beginning on March 16, 2006. It appears beyond doubt that the United States failed to run the advertisement in a newspaper with a general circulation in any of the places where Alcaraz-Barajas was in custody at a time when he was actually in custody there.[3]

After filing the claim with the Drug Enforcement Administration, Maddox calculated what he believed to be the deadline for the United States to file this action seeking forfeiture. Once that deadline came and went in April, Maddox took it upon himself to search this court's electronic filing system and ascertain that this action had been initiated by the United States. On May 12, 2006, Maddox filed a notice of appearance (Doc. # 6) as counsel of record in this action. On that same date, Alcaraz-Barajas filed a Claim (Doc. # 7).[4] On June 1, 2006, Alcaraz-Barajas filed an Answer (Doc. # 11) and the Motion to Dismiss (Doc. # 10) now before the court.

## DISCUSSION

Alcaraz-Barajas contends that the United States intentionally denied him due process of law because it failed to provide notice to him that was reasonably calculated under the

---

[3] The notice was published in California and Florida when Alcaraz-Barajas was being held in Alabama. The notice was published in Montgomery, Alabama after Alcaraz-Barajas had been moved to custody in Louisiana.

[4] The Claim was signed by Alcaraz-Barajas before a Notary at large for the State of California on May 2, 2006. The Claim does not indicate where the document was signed.

circumstances to apprise him of the pendency of this action and his opportunity to present his objections. Alcaraz-Barajas asks this court to dismiss this action because it is the only effective remedy for the government's failure to act in a constitutional manner. Even if this court agrees that the United States has failed to comply with the requirements of the Due Process Clause of the Fifth Amendment by its "attempts" at notice in this case, the court cannot find, nor has Alcaraz-Barajas cited any, authority which supports his contention that the appropriate remedy in the circumstances is a dismissal of this action.

The Due Process Clause of the Fifth Amendment guarantees that "[n]o person shall...be deprived of life, liberty, or property, without due process of law." The United States Supreme Court has established the general rule that individuals must receive notice and an opportunity to be heard before the government deprives them of property. *See, e.g., United States v. James Daniel Good Real Property,* 510 U.S. 43, 49 (1993) (collecting cases). Both the United States and Alcaraz-Barajas agree that, in this case and others like it, the Due Process Clause requires that interested persons be given notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The United States contends that it complied with this standard and Alcaraz-Barajas disagrees. The United States further argues that the fact that Alcaraz-Barajas managed to file a timely Claim and Answer in this action necessarily means that the notice was adequate and he has suffered no prejudice.

When all of the relevant circumstances are considered, this court cannot find that the

United States gave Alcaraz-Barajas actual notice of this action. The United States could have easily ascertained the location of Alcaraz-Barajas or the identity of his attorney. It apparently did neither even after learning that its attempts on service on him at his legal address and the Montgomery City Jail had failed. Moreover, given the choices of publications and the timing of the publication of the notices in those publications, the court cannot find that the United States took reasonable efforts to apprise the interested parties of the pendency of this action. The notice was not published in a newspaper of general circulation in this district during a time when Alcaraz-Barajas was being held in this district. The court is disappointed with the United State's efforts. This seems a case in which a more conscientious approach and more adequate planning and communication[5] would have yielded a much better result.

Despite this court's concerns about whether the United States provided Due Process of Law in this case, Alcaraz-Barajas' counsel has failed to provide the court any authority or precedent which indicates that the proper remedy is dismissal of this action. Moreover, the court's own research on this issue has not located any authority or precedent for that proposition. As the movant, Alcaraz-Barajas bears the burden of persuasion on this motion.

---

[5] The Assistant United States Attorney handling this case might have spoken to other attorneys within his office to learn the status of the criminal case and that Alcaraz-Barajas faced deportation after sentencing. The United States Attorney's office might have better communicated with the Drug Enforcement Administration concerning the identity of counsel for Alcaraz-Barajas. The United States Attorney's office could have easily ascertained from the U.S. Marshal's office or the Immigration and Naturalization Service where Alcaraz-Barajas was being held.

He has not carried it. This is especially true because in this case Alcaraz-Barajas was able to timely make a claim and defend this action despite the failure of the United States to properly provide reasonable notice through either personal service or publication.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Claimant, Enrique Alcaraz-Barajas's Motion to Dismiss (Doc. # 10) is DENIED. It is further ORDERED that the Clerk of the Court serve a copy of this Memorandum Opinion and Order upon the United States Attorney for the Middle District of Alabama, Leura Canary, in addition to service upon counsel of record for the Plaintiff United States of America.

DONE this the 24th day of October, 2006.

                                                   /s/ Mark E. Fuller
                                        CHIEF UNITED STATES DISTRICT JUDGE