```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF ALABAMA
                  NORTHERN DIVISION

UNITED STATES OF AMERICA,      :
                               :
          PLAINTIFF,            :
                               :
     v.                        :   CIVIL ACTION NO.2:06cv116-MEF
                               :
FIVE HUNDRED FORTY-THREE       :
THOUSAND ONE HUNDRED NINETY    :
DOLLARS ($543,190.00)          :
IN UNITED STATES CURRENCY,     :
                               :
          DEFENDANT.            :
```

<u>       BRIEF AND MEMORANDUM OF LAW IN SUPPORT       </u>
<u>            OF THE UNITED STATES OF AMERICA'S            </u>
              MOTION FOR SUMMARY JUDGMENT

The United States of America (United States), by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, hereby respectfully submits the following Brief and Memorandum of Law in Support of the United States' Motion for Summary Judgment:

I.    <u>PRELIMINARY STATEMENT</u>

The United States filed this civil forfeiture action on February 7, 2006, seeking forfeiture of the Defendant currency.

The United States is seeking forfeiture of the Defendant currency pursuant to 21 U.S.C. § 881(a)(6). This is a civil action <u>in</u> <u>rem</u> brought to enforce the provision of 21 U.S.C. § 881(a)(6) for the forfeiture of United States currency which was used, or was intended to be used, in exchange for a controlled substance and represent proceeds of trafficking in controlled substances, and was used to facilitate a violation of 21 U.S.C. §§ 801 <u>et</u> <u>seq.</u>

This Motion for Summary Judgment relates to the claim filed by Enrique Alcaraz-Barajas on or around December 30, 2005.

The United States' Motion for Summary Judgment is based upon the Verified Complaint for Forfeiture <u>In Rem</u>, the attached Notice of Claim, the pleadings, and this Brief.

## II. <u>FACTS</u>

A. <u>Verified Complaint</u>.

The United States adopts and alleges the facts as found in the Verified Complaint in support of its motion. These facts are sworn to and verified and the original Verification is filed with this Court.

> Paragraph number 5, as follows:
>
> a. Enrique Alcaraz-Barajas (Alcaraz-Barajas) was a passenger in a vehicle that was stopped for a traffic violation on Interstate 85 in Montgomery County, Alabama. During routine questioning, the Trooper noticed Alcaraz-Barajas was breathing heavy and appeared nervous. As Alcaraz-Barajas handed the Trooper his identification, the Trooper noticed Alacaraz-Barajas' hand was shaking. When the driver, Esther Sandoval (Sandoval), was asked about currency in the vehicle, she appeared to answer nervously. Sandoval agreed to a search of the vehicle.
>
> b. Two duffle bags, one red and one black, were found in the back of the vehicle. Alcaraz-Barajas claimed ownership of the bags and gave the Trooper consent to search them. Both bags contained bundles of United States currency. The black bag contained One Hundred Sixty Thousand Two Hundred Eighty Dollars ($160,280.00), and the red bag contained Three Hundred Eighty-Two Thousand Nine Hundred Ten Dollars ($382,910.00). Sandoval said she did

not know who owned the money. Another passenger, Mario Martinez (Martinez), asserted no knowledge of any money in the vehicle and that he had no luggage in the vehicle.

c.   Alcaraz-Barajas claimed he had found the money about a month before near a hotel in Tampa, Florida. Alcaraz-Barajas asked his sister Sandoval to travel to Tampa to open a safe deposit box. Alcaraz-Barajas stated that Sandoval did travel to Tampa and they did acquire a safe deposit box and placed the "found" money there in. Alcaraz-Barajas stated that on August 29, 2005, he and Sandoval went to the bank and retrieved the money. However, Sandoval stated that she did not go to any bank while in Tampa, but that she did have a safe deposit box in another area of Florida.

d.   As a result of an immigration check, it was discovered that Alcaraz-Barajas had never been lawfully admitted into the United States. Subsequently, Alcaraz-Barajas admitted to residing in the United States illegally in order to obtain medical treatment. He was arrested and taken into custody.

e.   A trained drug detection dog alerted upon the black bag and the luggage compartment of the vehicle. An alert means that the dog has detected the exposure of the item involved to illegal drugs or materials used in illegal drug manufacture or preparation.

B.   <u>Notice Of Claim Of Enrique Alcaraz-Barajas</u>. (Submitted Herewith As Attachment).

III. <u>ARGUMENT</u>

SUMMARY JUDGMENT SHOULD BE GRANTED
BECAUSE THERE IS NO GENUINE ISSUE OF
MATERIAL FACT REQUIRING A TRIAL

A. <u>The Standard for Granting Summary Judgment</u>.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court should render summary judgment if it concludes that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of establishing "the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986) (quoting Rule 56(c)). The "mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-8, 106 S.Ct. 2505, 2510 (1986) (emphasis in original); <u>See also</u> <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 585-86, 106 S.Ct. 1348, 1355-56 (1986).

Summary judgment is appropriate in civil forfeitures where this standard is met. <u>See</u>, <u>e.g.</u>, <u>United States v. One 1987 Mercedes</u>

4

Benz 300E, 820 F. Supp. 248 (E.D.Va. 1993) (granting summary judgment to government where there was no material issue of fact). Indeed, summary judgment may also be granted where claimant has asserted an innocent owner defense. See, e.g., United States v. One Parcel of Property Located at 755 Forest Road, 985 F.2d 70 (2d Cir. 1993) (rejecting innocent owner defense and affirming summary judgment granted against wife of target of narcotics investigation where narcotics and drug paraphernalia had been found in their shared bedroom); United States v. Property Located at 15 Black Ledge Drive, 897 F.2d 97, 103 (2d Cir. 1990) (rejecting a wife's claim of no knowledge and affirming summary judgment); see also United States v. Premises Known as 717 South Woodward Street, 2 F.3d 529, 533 (3d Cir. 1993) ("It is clear that a claimant's bare denial of knowledge or consent may be insufficient to withstand summary judgment in a forfeiture case.").

Whether there is a genuine issue of fact for trial depends on the substantive law of the underlying case and the evidentiary burdens that law places on each party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 252-56 (noting that "the judge must view the evidence presented through the prism of the substantive evidentiary burden"); United States v. One Parcel of Real Property, 904 F.2d 487, 490 (9th Cir. 1990); Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Thus, in the instant case, the summary judgment rules must be "'construed in the light

of the statutory law of forfeitures, and particularly the procedural requirements set forth therein.'" <u>United States v. One 56-Foot Motor Yacht Named Tahuna</u>, 702 F.2d 1276, 1281 (9th Cir. 1983) (quoting <u>United States v. One 1975 Mercedes 280S</u>, 590 F.2d 196, 199 (6th Cir.1978)).

The Court of Appeals for the Eleventh Circuit noted as follows:

> Under Fed.R.Civ.P 56(c), a district court should award summary judgment to the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The substantive law applicable to the case identifies which facts are material. A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."
>
> \* \* \* \* \*
>
> The moving party bears "the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." When the <u>nonmoving</u> party has the burden of proof at trial, the moving party is not required to "support its motion with affidavits or other similar material negating the opponent's claim," in order to discharge this "initial responsibility." Instead, the moving party simply may "`show[]'-- that is, point[] out to the district court -- that there is a absence of evidence to support the nonmoving party's case." Alternatively, the moving party may

>     support its motion for summary judgment with
>     affirmative evidence demonstrating that the
>     nonmoving party will be unable to prove its
>     case at trial.  If the moving party shows the
>     absence of a triable issue of fact by either
>     method, the burden on summary judgment shifts
>     to the nonmoving party, who must show that a
>     genuine issue remains for trial.  If the
>     nonmoving party fails to "make a sufficient
>     showing on an essential element of her case
>     with respect to which she has the burden of
>     proof," the moving party is entitled to
>     summary judgment.  (Cites omitted).

<u>United States v. Four Parcels of Real Property</u>, 941 F.2d 1428, 1437-1438 (11th Cir. 1991).

    B.   <u>Burden of Proof</u>.

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202 (2000), mandated a fundamental change in the government's initial burden of proof in civil forfeiture actions.  Prior to CAFRA, the United States had the initial burden of showing probable cause for the forfeiture.  Once the United States established probable cause, the burden shifted to the claimant to prove, by a preponderance of the evidence, either that there was no probable cause or that he/she was an "innocent owner."  <u>See</u> <u>United States v. All Assets of G.P.S. Automotive Corp.</u>, 66 F.3d 483, 487 (2d Cir. 1995); <u>United States v. Daccarett</u>, 6 F.3d 37, 57 (2d Cir. 1993), <u>cert. denied</u>, 114 S. Ct. 1294 (1994).  Under CAFRA, however, the United States has the burden of first establishing, by a preponderance of the evidence, that the Defendant property is forfeitable. CAFRA does not, however, in any way limit the right of either party to seek summary

judgment. See House Passage of H.R. 1658, Floor Statements, 146 Cong. Rec. H2040-01, 2000 WL 368969 (Cong. Rec.), Proceedings and Debates of the 106th Congress, Second Session, Tuesday, April 11, 2000) ("The bill is not intended to limit the right of either party to bring a motion for summary judgment after the filing of the complaint pursuant to Fed. R. Civ. P. 56(a) or 56(b).").

  C. <u>The United States May Use Evidence Obtained After Filing The Complaint For Forfeiture</u>.

In determining whether property is forfeitable, the United States is entitled to rely on evidence gathered after the Complaint was filed. 18 U.S.C. § 983(c)(2) ("the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture").

  D. <u>The Claimant Lacks Article III Standing To Contest This Forfeiture</u>.[1]

Standing is a threshold issue in every civil forfeiture case. Although the government bears the burden of proof, this burden is not levied unless and until the claimant shows a legally cognizable interest in the property. See <u>United States v. $38,000 in U.S. Currency</u>, 816 F.2d 1538, 1543 n.12 (11th Cir. 1987).

---

[1] There are two different forms of standing in any civil forfeiture case. Statutory standing involves a claimant's proper submission of a claim in accordance with applicable statutes. See $38,000 at 1544 to 1547. Article III standing involves the "case or controversy" constitutional requirement. See $38,000 at 1543.

A possessory interest may be sufficient to show standing if such possession is accompanied by an explanation or additional showing. See United States v. $100,348 in U.S. Currency, 354 F.3d 1110, 1119 (9th Cir. 2004)(claimants who assert possessory interest and provide some explanation for their possession have standing); $38,000 at 1544 (a possessory interest such as that of a bailee may have standing).

A naked possessory interest (i.e. possession and some control over the property) without more is not sufficient to convey Article III standing. See United States v. $746,198 in U.S. Currency, 299 F.Supp. 923, 932 (S.D. Iowa 2004). Thus a possessory interest, if explained, may confer standing; but just any explanation is not sufficient. The explanation must evidence some legitimate and legal claim to the property. $746,198 at 930.[2]

The claimant in this case asserts only that he lawfully possessed the seized cash at the time of the seizure and that "...I lawfully own an interest in same." See Claim filed in this case. Moreover, in his verified claim filed on December 29, 2005, the claimant stated that he did not "attempt to locate the owner", that he claimed his "interest in the money as finder of lost currency", and that he would "waive any interest to the true and rightful owner should one come forward with proof of a superior claim." See

---

[2] The United States notes that the facts in $746,198 and the present case are remarkably similar. In $746,198, the currency was seized in a traffic stop. The claimant asserted that he was given the cash by his father who found the money in an old building. $746,198 at 925-926.

attached Notice of Claim.

The claimant freely admits that he is not the owner of the seized currency. He does not assert that he is a bailee or has any legal right to the seized currency. He simply says I possessed it. That is insufficient to show Article III standing.

    E.    <u>The Claimant Lacks Statutory Standing</u>.

The United States does not assert that the claimant failed to properly file his claim and answer. The United States contends that he fails to show ownership as required by 18 U.S.C. § 983(d)(1).[3] This statute provides for the "innocent owner" defense. Because the statute provides that one asserting this defense must be an owner, the claimant must show ownership and has that burden. See $746,198 at 932-933. The claimant has failed to make that showing.

    F.    <u>The Claimant Cannot Defend Against Forfeiture of the Seized Cash</u>.

As shown in the Verified Complaint and the attached Notice of Claim, the claimant asserts that he found $543,190.00 in a black plastic garbage bag in Tampa, Florida. He then states that the cash was seized in Alabama. Other than this incredible story, the claimant makes no assertion as to the source of the cash and no explanation as to how it was contaminated with illegal drugs or materials and substances used in the production of illegal drugs.

---

[3] It is not clear that the claimant is asserting the innocent owner defense as he does not so state in his claim or answer.

The quantity of the cash, the dog sniff, the inability (or unwillingness) to identify the source of the cash, improbable story and the true owner's failure to file a claim support forfeiture. <u>United States v. $242,484</u>, 389 F.3d 1149, 1160-1167 (11th Cir. 2004)(case decided upon old probable cause standard.)

> The mere allegation of a highly unlikely legitimate source of income without some support to give the allegation credibility cannot constitute an issue of material fact defeating summary judgment for forfeiture.

<u>United States v. Two Parcels of Real Property</u>, 92 F.3d 1123, 1129 (11th Cir. 1996).

It is difficult to imagine a more unlikely source for over one-half million dollars than its discovery abandoned in a black plastic bag. The claimant should not be allowed to contest forfeiture with this allegation that is patently untrue.

## CONCLUSION

The United States is due summary judgment.

Respectfully submitted this 23rd day of April, 2007.

```
                    FOR THE UNITED STATES ATTORNEY
                          LEURA G. CANARY



                    /s/John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney
                    Bar Number: 7068-II58J
                    Office of the United States Attorney
                    Middle District of Alabama
                    One Court Square, Suite 201 (36104)
                    Post Office Box 197
                    Montgomery, Alabama 36101-0197
                    Telephone:(334) 223-7280
                    Facsimile:(334) 223-7560
```

CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Bruce Maddox.

```
                    /s/John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney
```