IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,     *
                              *
                Plaintiff,    *
                              *
v.                            *          CASE NO. 2:06-CV-00116-MEF
                              *
FIVE HUNDRED FORTY-THREE      *
THOUSAND ONE HUNDRED NINETY   *
DOLLARS ($543,190.00 in United States *
Currency                      *
                Defendant.    *
and                           *
                              *
ENRIQUE ALCARAZ-BARAJAS,      *
                              *
                Claimant.     *

## CLAIMANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
### and

## MOTION TO STAY PROCEEDING ON SUMMARY JUDGMENT

Comes now the Claimant Enrique Alcaraz-Barajas, by and through counsel and responds to the United States of America's Motion for Summary Judgment and, further, moving the Court to stay proceedings on summary judgment pending further discovery and hearings on evidentiary motions, as follows:

1. The government relies on the Verified Complaint for Forfeiture In Rem, the notice of claim of Claimant, the pleadings, and their Brief and Memorandum of Law. Claimant contests, by Motion to Strike (filed concurrently herewith and incorporated herein by reference), and by Motion to Suppress (also filed concurrently herewith and incorporated herein by reference, including the memorandum of Trooper Andy Sutley), as well as the matters of fact and law contained in this response.

2. The Supreme Court has held that the inquiry at the summary judgment stage is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 251-252 (1986). If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992)(citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985); Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby, Inc, supra*, at 255 (citing *Adickes v. S.H. Kress & Co.* 391 U.S. 144 (1970).

3. The government's Verified Complaint is verified by Agent Joe Herman, but it should not be considered because it contains hearsay and the verification does not clarify which parts, if any, he has personal knowledge of. It should be disregarded. *Rule 805.1, Federal Rules of Evidence, Rule 56 (e), F.R.C.P.*

4. The Notice of Claimant offered by the government lacks sufficient indicia of reliability to be considered, and Claimant challenges its authenticity as described in his Motion to Strike.

5. All of the evidence was obtained as a result of violations of the rights of Claimant under the Fourth Amendment to the Constitution of the United States of America, as described in Claimant's Motion to Suppress with its attached memorandum of Trooper Andy Sutley.

6. Even if the claim of Claimant were admissible, it mitigates against the government's motion in that it states a lawful source of the money. The government fails to attach the money to any specific drug activity, merely indicating a dog sniff of a car and a bag, but not the money itself. Claimant would also note that little discovery has taken place and the Claimant is in a particularly awkward position because he was deported by the government before reasonable efforts to personally serve him. (See Claimant's previous Motion to Dismiss).

7. The evidence offered by the government merely raises an issue of whether the Claimant's

story is to be believed. Summary judgment is not the place for determining credibility. Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir.1992).

WHEREFORE, premises considered, the Claimant moves the Court to deny summary judgment, and/or, as appropriate, to stay proceedings on same until Claimant's Motion for Summary and Motion to Strike are ruled upon.

s/Bruce Maddox
Bruce Maddox (MAD013)
Attorney for Enrique Alcaraz-Barajas
6728 Taylor Court
Montgomery, Alabama 36117
Phone: (334) 244-7333
Fax: (334) 260-9600
retrocam@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to appropriate parties.

s/Bruce Maddox
Of Counsel