IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 2:06-CV-00116-MEF |
| | * | |
| FIVE HUNDRED FORTY-THREE | * | |
| THOUSAND ONE HUNDRED NINETY | * | |
| DOLLARS ($543,190.00 in United States | * | |
| Currency | * | |
| Defendant. | * | |
| and | * | |
| | * | |
| ENRIQUE ALCARAZ-BARAJAS, | * | |
| | * | |
| Claimant. | * | |

**AMENDED
MOTION TO STRIKE FROM CONSIDERATION
ON MOTION FOR SUMMARY JUDGMENT**

Comes now the Claimant Enrique Alcaraz-Barajas, by and through counsel and moves the Court to strike certain portions of the documents and other record materials relied upon by the Plaintiff in its Motion for Summary Judgment as follows:

1.   All references to statements and events prior to, during and immediately after the stop and search of Claimant's luggage, as well as all statements and events up to the post-arrest interview of Claimant are rank hearsay. The Verified Complaint for Forfeiture in Rem is verified by Agent Joe Herman, who was not present during the stop, search, on-site interrogation, seizure and transport.  Such hearsay includes, but is not limited to, the allegations of Paragraph number 5, subparagraphs a, b, and c.  It should be noted that the verification says, "that the matters contained in the Verified Complaint are true to my knowledge, *except that those matters herein stated to be alleged on information and belief and on those matters I believe them to be true.*" (emphasis

supplied). It should be further noted that there is, in the Verified Complaint, no distinction between matters in his personal knowledge and those that are not. Additionally, the alleged statements by Esther Sandoval and Mario Martinez are, as to Claimant, rank hearsay in and of themselves without regard to whether Agent Herman actually heard them. Herman is, thus, not competent to testify to such matters and the verification fails to claim that he is in a manner adequate for reliance in summary judgment. **Rule 56 (e), F.R.C.P.**

2. The "claim" attached to the Motion for Summary Judgment. It is not the claim filed in this cause by Claimant with the DEA. Attached hereto is a copy of the claim and the response from the DEA to undersigned counsel accepting that claim. Undersigned counsel has no knowledge of the claim attached to the Motion for Summary Judgment and does not recognize the alleged notarization. Said claim was not prepared by undersigned counsel.

3. All statements of any kind and nature by Claimant because they were the product of an illegal stop, detention, arrest, seizure, questioning and search of Claimant and his personal property, subject to suppression and disallowance pursuant to Claimant's rights under the Fourth Amendment to the Constitution of the United States of America. Filed concurrently herewith is Claimant's Motion to Suppress, which is incorporated herein by reference. The Fourth Amendment Exclusionary Rule applies to civil forfeiture. See **U.S. v. Premises and Real Property with Bldgs., Appurtenances and Improvements at 500 Delaware Street**, 113 F.3d 310, 312 n.3 (2nd Cir. 1997).

4. The alleged alert by a drug dog as to both the trunk of the vehicle and the luggage of Claimant, upon the same grounds as alleged in paragraph 3 above.

5. The alleged alert by a drug dog is rank hearsay in that Mr. Herman gives no basis for his assertion of the alert. He does not indicate whether he saw it personally, whether he is sufficiently familiar with the dog to determine whether an alert took place, whether the dog is properly trained and/or certified, whether any such training and/or certification was current at the time, or whether the handler of the dog followed proscribed procedures. Claimant, in fact, asserts that the handler and dog were not reliable and the evidence of the alert cannot be admitted because a proper foundation

cannot be laid.

**WHEREFORE,** the defendant moves this Court to strike said matters and remove them from consideration on Motion for Summary Judgment.

Respectfully submitted this 18th day of May, 2007.

                                        s/Bruce Maddox
                                        Bruce Maddox (MAD013)
                                        Attorney for Enrique Alcaraz-Barajas
                                        6728 Taylor Court
                                        Montgomery, Alabama 36117
                                        Phone: (334) 244-7333
                                        Fax: (334) 260-9600
                                        retrocam@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to appropriate parties.

                                        s/Bruce Maddox
                                        Of Counsel