```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF ALABAMA
                  NORTHERN DIVISION
```

UNITED STATES OF AMERICA,        :
                                 :
            PLAINTIFF,            :
                                 :
     v.                           :   CIVIL ACTION NO.2:06cv116-MEF
                                 :
FIVE HUNDRED FORTY-THREE          :
THOUSAND ONE HUNDRED NINETY       :
DOLLARS ($543,190.00)             :
IN UNITED STATES CURRENCY,        :
                                 :
            DEFENDANT.            :

### REPLY TO CLAIMANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Comes now the United States of America (United States), by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, and hereby states as follows:

1. Claimant essentially states two grounds in opposition to the United States' Motion for Summary Judgment. Each is addressed below.[1]

2. **Evidence Submitted by the United States**

    A. **Verified Complaint**.

    The Claimant asserts that the Verified Complaint is improperly submitted pursuant to 805.1 Federal Rules of Evidence and Rule 56(e) of the Federal Rules of Civil Procedure.

---

[1] Claimant has also separately moved to suppress certain evidence and statements. This issue will be addressed in the United States' response thereto.

The United States is unable to find Rule 805.1. Rule 805 deals simply with hearsay within hearsay. Rule 56(e) deals with required submissions for summary judgment.

The Claimant's Motion is not well taken. The Verified Complaint has the "effect equivalent to that of an affidavit." <u>See</u> Corrected Memorandum Opinion and Order, <u>United States v. Parcels of Property Located at 14 Leon Drive</u>, Houston County, Alabama, Case No. 1:04cv8-MEF (Middle District of Alabama, August 4, 2006)(copy attached).

The Claimant does not dispute the factual allegations contained in the Verified Complaint. They are sufficient to support summary judgment.

B.   <u>Notice of Claim of Mr. Enrique Alcaraz-Barajas</u>.

The Claimant asserts that the claim lacks sufficient "indicia of reliability" and "challenges its authenticity." The claim was submitted by the Claimant to the United States Drug Enforcement Agency. The signature is sworn to and is identical to the signatures submitted by the Claimant in his claim filed with this court.

It is difficult to determine any basis for the Claimant's assertion here other than that a document he executed is damaging to his case. This document is properly before the court.

2

3. <u>Summary Judgment</u>.

The United States has submitted a well-supported motion for summary judgment. The Claimant offers no factual rebuttal.[2] The Claimant does assert that the United States "fails to attach the money to any specific drug activity . ." Such is not the burden upon the United States. See <u>United States v. $242,484.00</u>, 389 F.3d 1149, 1160 (11th Cir. 2004). (Government "does not need to show a relationship between the property and a particular drug transaction-only that the property was related to some illegal drug transaction.")

The Claimant also states the evidence submitted in support of the United States' motion for summary judgment "merely raises an issue of whether the claimant's story is to be believed." In fact, it is clear the "mere allegation of a highly unlikely legitimate source of income" does not create an issue. <u>United States v. Two Parcels of Real Property</u>, 92 F.3d 1123, 1129 (11th Cir. 1996). It is doubtful that there can be a more highly unlikely source than that given by this Claimant for his possession of this currency.

4. <u>Standing</u>.

Even should the Court discount the evidentiary submission as found in the Verified Complaint, the United States has also

---

[2]Claimant asserts that "little discovery has taken place," but makes no citation to authority which allows the denial of summary judgment due to the non-movant's failure to conduct discovery.

raised the threshold issue of the Claimant's standing. That burden (standing) is levied against the Claimant. See part III-D of the United States' Motion for Summary Judgment.

The Claimant has made no showing of an interest in the cash other than a naked possessory interest. Such a showing, without more, is insufficient. See Part III-D of the United States' Motion for Summary Judgment. The Claimant lacks standing (both Article III and statutory) and judgment should be entered for the United States on that issue.

Respectfully submitted this 21st day of May, 2007.

                              FOR THE UNITED STATES ATTORNEY
                                  LEURA G. CANARY


                              /s/ John T. Harmon
                              John T. Harmon
                              Assistant United States Attorney
                              Bar Number: 7068-II58J
                              Office of the United States Attorney
                              Middle District of Alabama
                              One Court Square, Suite 201 (36104)
                              Post Office Box 197
                              Montgomery, Alabama 36101-0197
                              Telephone:(334) 223-7280
                              Facsimile:(334) 223-7560
                              E-mail: John.Harmon@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on May 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Bruce Maddox.**

```
/s/ John T. Harmon
John T. Harmon
Assistant United States Attorney
Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov
Bar Number: 7068-II58J
```