IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| PLAINTIFF, | : |
| v. | : CIVIL ACTION NO.2:06cv116-MEF |
| FIVE HUNDRED FORTY-THREE THOUSAND ONE HUNDRED NINETY DOLLARS ($543,190.00) IN UNITED STATES CURRENCY, | : |
| DEFENDANT. | : |

## MOTION TO STAY ADJUDICATION

Comes now the United States of America (United States), by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, and hereby states as follows:

1. The Claimant has pending before the Court the following motions:

    a) Motion to Strike, filed May 14, 2007;

    b) Motion to Suppress filed May 14, 2007;

    c) Response to Plaintiff's Summary Judgment and Motion to Stay filed May 14, 2007;

    d) Amended Motion to Strike filed May 18, 2007.

2. The United States moves the Court to stay adjudication on all the pending motions filed by Claimant until such time as the issue of his standing is determined. As grounds, the United States cites the following authority.

3.   <u>Article III Standing</u>.

Standing is a threshold issue in every civil forfeiture case. Although the government bears the burden of proof, this burden is not levied unless and until the claimant shows a legally cognizable interest in the property. <u>See</u> <u>United States v. $38,000 in U.S. Currency</u>, 816 F.2d 1538, 1543 n.12 (11th Cir. 1987). (This case does say that a "possessory" interest is sufficient to convey standing. <u>Id.</u> at 1544. This is in line with the other case cited herein that mere possession without a showing of an interest in insufficient for standing.)

There are two different forms of standing in any civil forfeiture case. Statutory standing involves a claimant's property submission of a claim in accordance with applicable statutes. <u>See</u> <u>$38,000</u> at 1544 to 1547. Article III standing involves the "case or controversy" constitutional requirement. <u>See</u> <u>$38,000</u> at 1543.

A possessory interest may be sufficient to show standing if such possession is accompanied by an explanation or additional showing. <u>See</u> <u>United States v. $100,348 in U.S. Currency</u>, 354 F.3d 1110, 1119 (9th Cir. 2004)(claimants who assert possessory interest and provide some explanation for their possession have standing); <u>$38,000</u> at 1544 (a possessory interest such as that of a bailee may have standing).

A naked possessory interest (i.e. possession and some control over the property) without more is not sufficient to convey

2

Article III standing. See United States v. $746,198 in U.S. Currency, 299 F.Supp. 923, 932 (S.D. Iowa 2004). Thus a possessory interest, if explained, may confer standing; but just any explanation is not sufficient. The explanation must evidence some legitimate and legal claim to the property. $746,198 at 930.[1]

The claimant in this case asserts only that he lawfully possessed the seized cash at the time of the seizure and that "...I lawfully own an interest in same." See Claim filed in this case. Moreover, in his verified claim filed on December 29, 2005, the claimant stated that he did not "attempt to locate the owner", that he claimed his "interest in the money as finder of lost currency", and that he would "waive any interest to the true and rightful owner should one come forward with proof of a superior claim."

The claimant freely admits that he is not the owner of the seized currency. He does not assert that he is a bailee or has any right cognizable under state law or any other legal right to the seized currency; he simply says I possessed it. That is insufficient to show Article III standing.

4.  Statutory Standing.

The United States does not assert that the Claimant failed to properly file his claim and answer. The United States contends that he fails to show ownership as required by 18 U.S.C.

---

[1] The United States notes that the facts in $746,198 and the present case are remarkably similar. In $746,198, the currency was seized in a traffic stop. The claimant asserted that he was given the cash by his father who found the money in an old building. $746,198 at 925-926.

§ 983(d)(1).[2]  This statute provides for the "innocent owner" defense.  Because the statute provides that one asserting this defense must be an owner, the claimant must show ownership and has that burden.  See $746,198 at 932-933.  The Claimant has failed to make that showing.

    5.    Conclusion.

Unless Claimant can show Article III standing "federal courts lack jurisdiction to consider their claims, including their claim that the government did not have the requisite probable cause to seize the defendant property." (cites omitted). $38,000 at 1543.

Likewise, ".....statutory standing is also a threshold issue." (cites omitted). $38,000 at 1544.

Claimant's failure to show standing deprives this Court of jurisdiction to consider any issue raised.  Until he establishes standing, the Court should withhold a decision on all other matters.

---

[2]It is not clear that the claimant is asserting the innocent owner defense as he does not so state in his claim or answer.

Respectfully submitted this 1st day of June, 2007.

                    FOR THE UNITED STATES ATTORNEY
                          LEURA G. CANARY

                    /s/ John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney
                    Bar Number: 7068-II58J
                    Office of the United States Attorney
                    Middle District of Alabama
                    One Court Square, Suite 201 (36104)
                    Post Office Box 197
                    Montgomery, Alabama 36101-0197
                    Telephone:(334) 223-7280
                    Facsimile:(334) 223-7560
                    E-mail: John.Harmon@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Bruce Maddox.**

                    /s/ John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney