```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF ALABAMA
                     NORTHERN DIVISION

UNITED STATES OF AMERICA,       :
                                :
            PLAINTIFF,           :
                                :
      v.                        :   CIVIL ACTION NO. 2:06cv116-MEF
                                :
FIVE HUNDRED FORTY-THREE        :
THOUSAND ONE HUNDRED NINETY     :
DOLLARS ($543,190.00)           :
IN UNITED STATES CURRENCY,      :
                                :
            DEFENDANT.           :
```

BRIEF AND MEMORANDUM OF LAW IN SUPPORT
OF THE UNITED STATES OF AMERICA'S
SECOND MOTION FOR SUMMARY JUDGMENT

The United States of America (United States), by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, hereby respectfully submits the following Brief and Memorandum of Law in Support of the United States' Second Motion for Summary Judgment:

## I.  PRELIMINARY STATEMENT

The United States filed this civil forfeiture action on February 7, 2006, seeking forfeiture of the Defendant currency.

The United States is seeking forfeiture of the Defendant currency pursuant to 21 U.S.C. § 881(a)(6). This is a civil action in rem brought to enforce the provision of 21 U.S.C. § 881(a)(6) for the forfeiture of United States currency which was used, or was intended to be used, in exchange for a controlled substance and represent proceeds of trafficking in controlled substances, and was

used to facilitate a violation of 21 U.S.C. §§ 801 et seq.

This Motion for Summary Judgment relates to the judicial claim filed by Enrique Alcaraz-Barajas (Alcaraz-Barajas) on or around May 12, 2006.

The United States' Motion for Summary Judgment is based upon the Verified Complaint for Forfeiture In Rem, the attached Notices of Claim, the attached Declaration, the attached Judgment in a Criminal Case, the pleadings, and this Brief.

The United States seeks summary judgment on one issue, the Claimant's Article III standing.[1]

## II. EVIDENTIARY SUBMISSIONS

A. Verified Complaint.

The United States adopts and alleges the facts as found in the Verified Complaint in support of its motion. These facts are sworn to and verified and the original Verification is filed with this Court.

> 5(a) Enrique Alcaraz-Barajas was a passenger in a vehicle that was stopped for a traffic violation on Interstate 85 in Montgomery County, Alabama. During routine questioning, the Trooper noticed Alcaraz-Barajas was breathing heavy and appeared nervous. As Alcaraz-Barajas handed the Trooper his identification, the Trooper noticed Alacaraz-Barajas' hand was shaking. When the driver, Esther Sandoval (Sandoval), was asked about currency in the vehicle, she

---

[1] A decision on this issue in favor of the United States would be dispositive in that the Court would lack jurisdiction to consider this claim. (See argument herein).

        appeared to answer nervously. Sandoval agreed to a search of the vehicle.

5(b)    Two duffle bags, one red and one black, were in the found in the back of the vehicle. Alcaraz-Barajas claimed ownership of the bags and gave the Trooper consent to search them. Both bags contained bundles of United States currency. The black bag contained One Hundred Sixty Thousand Two Hundred Eighty Dollars ($160,280.00), and the red bag contained Three Hundred Eighty-Two Thousand Nine Hundred Ten Dollars ($382,910.00). Sandoval said she did not know who owned the money. Another passenger, Mario Martinez (Martinez), asserted no knowledge of any money in the vehicle and that he had no luggage in the vehicle.

5(c)    Alcaraz-Barajas claimed he had found the money about a month before near a hotel in Tampa, Florida. Alcaraz-Barajas asked his sister Sandoval to travel to Tampa to open a safe deposit box. Alcaraz-Barajas stated that Sandoval did travel to Tampa and they did acquire a safe deposit box and placed the "found" money there in. Alcaraz-Barajas stated that on August 29, 2005, he and Sandoval went to the bank and retrieved the money. However, Sandoval stated that she did not go to any bank while in Tampa, but that she did have a safe deposit box in another area of Florida.

5(d)    As a result of an immigration check, it was discovered that Alcaraz-Barajas had never been lawfully admitted into the United States. Subsequently, Alcaraz-Barajas admitted to residing in the United States illegally in order to obtain medical treatment. He was arrested and taken into custody.

        5(e) A trained drug detection dog alerted upon the black bag and the luggage compartment of the vehicle. An alert means that the dog has detected the exposure of the item involved to illegal drugs or materials used in illegal drug manufacture or preparation.

B. <u>Declaration of John Hieronymous, Forfeiture Counsel of the Drug Enforcement Administration (DEA). (Submitted Herewith As Attachment A)</u>.

C. <u>Judgment in Criminal Case styled *United States v. Enrique Alcaraz-Barajas* (2:05cr189-TMH). (Submitted Herewith as Attachment B)</u>.

D. <u>Notice of Intent to Change Plea in case styled *United States v. Enrique Alcaraz-Barajas* (2:05cr189-TMH). (Submitted herewith as Attachment C)</u>.

### III. <u>ARGUMENT</u>

A. <u>The Standard for Granting Summary Judgment</u>.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court should render summary judgment if it concludes that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of establishing "the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986) (quoting Rule 56(c)). The "mere existence of <u>some</u> alleged factual dispute between the parties will not defeat

4

an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-8, 106 S.Ct. 2505, 2510 (1986) (emphasis in original); <u>See also</u> <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 585-86, 106 S.Ct. 1348, 1355-56 (1986).

Summary judgment is appropriate in civil forfeitures where this standard is met. <u>See</u>, <u>e.g.</u>, <u>United States v. One 1987 Mercedes Benz 300E</u>, 820 F. Supp. 248 (E.D.Va. 1993) (granting summary judgment to government where there was no material issue of fact). Indeed, summary judgment may also be granted where claimant has asserted an innocent owner defense. <u>See</u>, <u>e.g.</u>, <u>United States v. One Parcel of Property Located at 755 Forest Road</u>, 985 F.2d 70 (2d Cir. 1993) (rejecting innocent owner defense and affirming summary judgment granted against wife of target of narcotics investigation where narcotics and drug paraphernalia had been found in their shared bedroom); <u>United States v. Property Located at 15 Black Ledge Drive</u>, 897 F.2d 97, 103 (2d Cir. 1990) (rejecting a wife's claim of no knowledge and affirming summary judgment); <u>see also</u> <u>United States v. Premises Known as 717 South Woodward Street</u>, 2 F.3d 529, 533 (3d Cir. 1993) ("It is clear that a claimant's bare denial of knowledge or consent may be insufficient to withstand summary judgment in a forfeiture case.").

Whether there is a genuine issue of fact for trial depends on the substantive law of the underlying case and the evidentiary burdens that law places on each party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 252-56 (noting that "the judge must view the evidence presented through the prism of the substantive evidentiary burden"); United States v. One Parcel of Real Property, 904 F.2d 487, 490 (9th Cir. 1990); Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Thus, in the instant case, the summary judgment rules must be "'construed in the light of the statutory law of forfeitures, and particularly the procedural requirements set forth therein.'" United States v. One 56-Foot Motor Yacht Named Tahuna, 702 F.2d 1276, 1281 (9th Cir. 1983) (quoting United States v. One 1975 Mercedes 280S, 590 F.2d 196, 199 (6th Cir.1978)).

The Court of Appeals for the Eleventh Circuit noted as follows:

> Under Fed.R.Civ.P 56(c), a district court should award summary judgment to the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The substantive law applicable to the case identifies which facts are material. A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."
>
> \*    \*    \*    \*    \*

6

> The moving party bears "the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  When the nonmoving party has the burden of proof at trial, the moving party is not required to "support its motion with affidavits or other similar material negating the opponent's claim," in order to discharge this "initial responsibility."  Instead, the moving party simply may "`show[]'-- that is, point[] out to the district court -- that there is a absence of evidence to support the nonmoving party's case."  Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial.  If the moving party shows the absence of a triable issue of fact by either method, the burden on summary judgment shifts to the nonmoving party, who must show that a genuine issue remains for trial.  If the nonmoving party fails to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment.  (Cites omitted).

United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437-1438 (11th Cir. 1991).

    B.    The United States May Use Evidence Obtained After Filing The Complaint For Forfeiture.

In determining whether property is forfeitable, the United States is entitled to rely on evidence gathered after the Complaint was filed.  18 U.S.C. § 983(c)(2) ("the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that

property is subject to forfeiture").

    C.   <u>The Claimant Lacks Article III Standing To Contest This Forfeiture</u>.[2]

Standing is a threshold issue in every civil forfeiture case. Although the government bears the burden of proof, this burden is not levied unless and until the claimant shows a legally cognizable interest in the property. See <u>United States v. $38,000 in U.S. Currency</u>, 816 F.2d 1538, 1543 n.12 (11th Cir. 1987). Failure by a claimant to show such an interest means that the claimant does not have Article III standing and federal courts lack jurisdiction to consider their claims. <u>$38,000</u> at 1543.

The Drug Enforcement Administration initiated an administrative forfeiture proceeding against the Defendant currency. (<u>See</u> page 2 of Attachment A).

In the course of this administrative forfeiture procedure by the DEA, notice was sent to the office of Jerome C. Carter, Esq. at 401 Church Street, Mobile, Alabama 36602. (<u>See</u> Exhibit 10 of Attachment A).

On December 30, 2005, the DEA received a claim for seized property from Alcaraz-Barajas through Jerome C. Carter, Esq., Carter Law Firm-Cochran Law Firm, 1105 Dauphin Street, Mobile, Alabama 36604-2511. (<u>See</u> Exhibits 16 and 17 of Attachment A).

---

[2]There are two different forms of standing in any civil forfeiture case. Statutory standing involves a claimant's proper submission of a claim in accordance with applicable statutes. See <u>$38,000</u> at 1544 to 1547. Article III standing involves the "case or controversy" constitutional requirement. See <u>$38,000</u> at 1543.

8

Jerome C. Carter, Esq. was defense counsel for Alcaraz-Barajas in <u>United States v. Enrique Alcaraz-Barajas</u>, Cr. No. 2:05cr189-TMH in the United States District Court for the Middle District of Alabama. (<u>See</u> Attachment B). The address for Jerome C. Carter, Esq. as defense counsel in Cr. No. 2:05cr189-TMH is the same address for the Jerome C. Carter, Esq. who submitted the claim for seized property in the DEA administrative proceeding. (<u>See</u> Attachment C and Exhibit 17 of Attachment A).

The Notice of Claim of Mr. Enrique Alcaraz-Barajas stated that he found the Defendant currency in a black plastic garbage bag in Tampa, Florida. He goes on in this sworn statement as follows:

> "I did not file a report with the local police or attempt to locate the owner of the lost money. I was unsure of the process of staking a claim in relation to the currency, but would have if I had known there was a process for doing so.
> I now, under oath and in fear of perjury, claim my interest in the money as finder of lost currency. I will waive any interest to the true and rightful owner should one come forward with proof of a superior claim." (<u>See</u> Exhibit 16 of Attachment A).

On January 3, 2006, the DEA received a claim for seized property from Alcaraz-Barajas through the Law Offices of Bruce Maddox, 6728 Taylor Court, Montgomery, Alabama 36117. (See Exhibits 18 and 19 of Attachment A).

This claim simply recites as follows:

> "I am entitled to the lawful possession of said property, because I lawfully possessed said property at the time of seizure and I lawfully own an interest in same." (See Exhibit 18 of Attachment A).

The issue presented in this motion is whether Alcaraz-Barajas has Article III standing.

> At the heart of Article III standing is the existence of an injury, not ownership........; non-owners, such as bailees or those with possessory interests, can also have injuries resulting from the seizure of property that are sufficient to establish standing. (cite omitted)........The economic harm to a party with a possessory interest in seized property, imposed by virtue of its liability to the owner of such property, can constitute a palpable injury sufficient to confer standing under Article III.

<u>Via Mat Intern. South America, Ltd. v. United States</u>, 446 F.3d 1258, 1262-1263 (11th Cir. 2006).

Here, Alcaraz-Barajas clearly and unequivocally denies ownership. He states that his interest is that of a "finder of lost currency". His judicial claim goes on to assert that "...I lawfully own an interest" in the Defendant currency but is silent as to the nature of that interest or how the act of finding currency which belongs to another is sufficient to create an interest in the currency on his behalf.

If Alcaraz-Barajas is asserting an interest as a bailee, then his claim is fatally deficient. A claim by a bailee must identify the bailor, and if filed on the bailor's behalf, must state the authority to do so. <u>See</u> Rule G(5)(a)(iii). His claim here in no way conforms to this requirement and therefor cannot be construed as stating his interest as that of a bailee.

Alcaraz-Barajas cited no legally cognizable interest, he simply relies upon possession. The issue then is simple. Will Alcaraz-Barajas suffer an injury if this money is forfeited? He has admitted that he is not the owner of this currency, that it is simply found money. He has no liability to a third party if it is forfeited. Forfeiture will put him in no different position than he was before he "found" the money.[3] He would suffer no more injury than an individual who found a sack of cash that fell off of

---

[3] The United States by making this argument in no way gives credence to the incredible story put forth by Alcaraz-Barajas as to the source of this money.

an armored money transport vehicle and was required to return the cash to its rightful owner.

If the simple fact of possession of an item, without more, is sufficient to create an Article III interest in property, then a person who is simply given a hoard of illicit cash by a drug dealer has Article III standing. Such a result is contradictory to the holding in <u>Via Mat Intern. South America, Ltd. v. United States</u>, 446 F.3d 1258 (11th Cir. 2006), which plainly required a showing that a claimant will suffer an injury if the property is forfeited and that a "possessory interest" is required rather than mere possession.

## CONCLUSION

Alcaraz-Barajas does not have Article III standing. As a result, the court lacks jurisdiction to consider his claim. The United States is due summary judgment.

Respectfully submitted this 14th day of August, 2007.

          FOR THE UNITED STATES ATTORNEY
               LEURA G. CANARY

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Bar Number: 7068-II58J
Office of the United States Attorney
Middle District of Alabama
131 Clayton Street
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280

CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Bruce Maddox.

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney