IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 2:06-CV-00116-MEF |
| | * | |
| FIVE HUNDRED FORTY-THREE THOUSAND ONE HUNDRED NINETY DOLLARS ($543,190.00 in United States Currency | * * * * | |
| Defendant. | * | |
| and | * | |
| | * | |
| ENRIQUE ALCARAZ-BARAJAS, | * | |
| | * | |
| Claimant. | * | |

## CLAIMANT'S RESPONSE TO PLAINTIFF'S
## SECOND MOTION FOR SUMMARY JUDGMENT

Comes now the Claimant Enrique Alcaraz-Barajas, by and through counsel and responds to the United States of America's Second Motion for Summary Judgment as follows:

1. The government relies on the Verified Complaint for Forfeiture In Rem, the notice of claim of Claimant, the pleadings, and their Brief and Memorandum of Law. Claimant contests, by Motion to Strike (filed concurrently herewith and incorporated herein by reference), the Notice of Claim of Claimant, the Motion to Suppress previously filed with attachments, as well as the matters of fact and law contained and argued in this response.

2. The Supreme Court has held that the inquiry at the summary judgment stage is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v.

Liberty Lobby, Inc, 477 U.S. 242, 251-252 (1986). If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992)(citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985).

    2. The government attacks Claimant's standing as Claimant, apparently contending that the claim of ownership interest by Claimant is insufficient and that having "found" money gives no ownership interest. The money was seized from Claimant's possession in Alabama by an agent of the State of Alabama. Alabama law is clear that the finder of lost property acquires good title to that property as against all but the true owner. The finder's interest prevails even against the government. Smith v. Purvis, 474 So.2d 1131. What the government really requests is that summary judgment be entered based upon some perceived lack of credibility of one of the claims filed. Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. Anderson v. Liberty Lobby, Inc, supra, at 255 (citing Adickes v. S.H. Kress & Co. 391 U.S. 144 (1970). The evidence offered by the government merely raises an issue of whether the Claimant's story is to be believed. Summary judgment is not the place for determining credibility. Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir.1992). Claimant would note that the government advertised mightily at the outset of this action to find potential claimants (while failing to personally serve Claimant in prison) and no others claimed. The government admits Claimant's possession of the money. There is no evidence that such possession was unlawful.

    3. Claimant contends that the issue of standing is to be determined after determining whether the money is appropriately before the Court. If the initial seizure is unlawful, then the need to establish standing to claim is the fruit of that poisonous tree.

Claimant also contends that the government must prove that forfeiture is justified before attacking Claimant's standing, because, in the absence of such proof, the government has no right to possession of the money and such would violate the Due Process Clauses of both the Fifth and Fourteenth Amendments (the money having originally been seized by a state agent). The government bears the initial burden of proof, and such proof must come from admissible evidence.

      3.   The government's Verified Complaint is verified by Agent Joe Herman, but it should not be considered because it contains hearsay. Additionally, the verification does not clarify which portions of the Complaint, if any, are based on Agent Herman's personal knowledge. Even if treated as an affidavit, it must still meet the standards of admissibility. It should be disregarded. Rule 805.1, Federal Rules of Evidence, Rule 56 (e), F.R.C.P.

      4.   All of the evidence was obtained as a result of violations of the rights of Claimant under the Fourth Amendment to the Constitution of the United States of America, as described in Claimant's previous Motion to Suppress with its attached memorandum of Trooper Andy Sutley.

      5.   The Exclusionary Rule based upon the Fourth Amendment applies to civil forfeiture because they are quasi-criminal in nature. One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246 (1965), See U.S. v. Premises and Real Property with Bldgs., Appurtenances and Improvements at 500 Delaware Street, 113 F.3d 310, 312 n.3 (2nd Cir. 1997). Claimant relies on the Fifth Amendment right to due process and the Seventh Amendment right to trial by jury. Claimant contends that summary judgment cannot be entered in a civil forfeiture.

      6.   The government fails its burden of proof by its submissions that forfeiture is justified. Even with all of the evidence presented (absent suppression, which Claimant contends to due), the government only shows that a large sum of money was seized from Claimant, in multiple parcels and that at some point, a drug dog "alerted" to the trunk of the car in which the money was found. There is no way to establish whether some, all, or

none of the money was implicated by the "alert".  Forfeiture is a fine within the meaning the Eighth Amendment.  U.S. v. Bajakajian, 524 U.S. 321 (1998).  It is the burden of the government to prove the allegations of the Verified Complaint for Forfeiture In Rem, and to prove which part, if any, be forfeited (consistent with Excessive Fines Clause of the Eighth Amendment), and the government fails at this stage of litigation.

WHEREFORE, premises considered, the Claimant moves the Court deny summary judgment.

                                      s/Bruce Maddox
                                      Bruce Maddox (MAD013)
                                      Attorney for Enrique Alcaraz-Barajas
                                      6728 Taylor Court
                                      Montgomery, Alabama 36117
                                      Phone: (334) 244-7333
                                      Fax: (334) 260-9600
                                      retrocam@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to appropriate parties.

                                      s/Bruce Maddox
                                      Of Counsel