IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,          :
                                   :
          PLAINTIFF,               :
                                   :
     v.                            :    CIVIL ACTION NO. 2:06cv116-MEF
                                   :
FIVE HUNDRED FORTY-THREE           :
THOUSAND ONE HUNDRED NINETY        :
DOLLARS ($543,190.00)              :
IN UNITED STATES CURRENCY,         :
                                   :
          DEFENDANT.               :

REPLY TO CLAIMANT'S RESPONSE TO
UNITED STATES' SECOND MOTION FOR SUMMARY JUDGMENT

     The United States of America (United States), by and through
Leura G. Canary, United States Attorney for the Middle District of
Alabama, and John T. Harmon, Assistant United States Attorney,
hereby respectfully submits the following reply to Claimant's
response to the United States' Second Motion for Summary Judgment:

     1.   Claimant initially contends that under Alabama law he had
good title as a finder of lost property.  Unfortunately for this
position the cash was "found" in Florida.  Claimant makes no
showing that merely finding property in Florida conveys any
interest.

          However, even if Alabama law did control, Claimant's
position is not correct.

               One who finds a thing lost is not

               bound to take charge of it; but if

               he does so he is thence-forward a

> > depository for the owner, with the
> > rights and obligations of a
> > depository for hire.

Ala. Code § 35-12-1 (1975).

Under the laws of Alabama, the Claimant was a mere depository for the "owner" with no ownership rights.

2.    The Claimant also errs when he states that the United States is requesting summary judgment based upon a "perceived lack of credibility". In fact, the United States seeks summary judgment based upon the Claimant's sworn statement that he was not the owner of the seized currency. Rather than asking the court to make credibility determinations, the United States simply asks the court to accept the Claimant's own statement that he is <u>not</u> an owner.

3.    The Claimant also states that the United States "admits Claimant's possession of the money." In fact, the United States admits that the "money" was seized from a vehicle in which the Claimant was riding. Any evidence supporting possession comes from the Claimant's sworn claim.

4.    Claimant also asserts that the issues of the legality of seizure and forfeitability must be decided before the issue of standing can be considered. Standing is the threshold question in every federal case, determining the power of the court to entertain the suit. See <u>Via Mat International South America, Ltd. v. U.S.</u>, 446 F.3d 1258, 1263 (11th Cir. 2006). Until standing is

established, federal courts lack jurisdiction to even consider a claim.  See U.S. v. $38,000 in U.S. Currency, 816 F.2d 1538, 1543 (11th Cir. 1987). Contrary to the Claimant's position, his claim cannot be considered until he meets this threshold issue.

> ...civil forfeiture is an *in rem* proceeding, the property subject to forfeiture is the defendant. Thus defenses against the forfeiture can be brought only by third parties, who must intervene.

U.S. v. All Funds in Account Nos. 747.0341278, 747.009/278 & 747.714/278, 295 F.3d 23, 25 (D.C. Cir. 2002). The intervenor must meet the threshold issue of standing.

This requirement is also established by Rule G8(a) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims (Forfeiture Actions *In Rem*).

> ...a party with standing to contest the lawfulness of the seizure may move to suppress....

Under both the statutory and case authority it is clear that standing must be established before any other issue may be considered.

5.  Claimant further errs by asserting that there is a burden upon the United States, as to this motion for summary judgment, to

show that forfeiture is justified. In fact, the burden is entirely upon the Claimant as to the sole issue raised in the motion. He must, as a threshold issue, establish Article III standing. The United States does not seek a determination by the court of any other issue. Until the Claimant makes that showing, the jurisdiction of this court cannot be invoked. The court lacks the power to consider any issue related to this claim until this matter is resolved.

6.    The United States will separately address the Claimant's assertion that portions of the Motion for Summary Judgment should be stricken.

Respectfully submitted this 25th day of September, 2007.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY


/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Bar Number: 7068-II58J
Office of the United States Attorney
Middle District of Alabama
131 Clayton Street
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280

CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Bruce Maddox.


/s/John T. Harmon
John T. Harmon
Assistant United States Attorney