IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.2:06cv116-MEF |
| | : | |
| FIVE HUNDRED FORTY-THREE THOUSAND ONE HUNDRED NINETY DOLLARS ($543,190.00) IN UNITED STATES CURRENCY, | : : : : | |
| | : | |
| DEFENDANT. | : | |

RESPONSE TO CLAIMANT'S MOTION TO STRIKE

Comes now the United States of America (United States), by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, and hereby states as follows:

1. Enrique Alcaraz-Barajas has moved to strike certain documents from consideration upon the United States Second Motion for Summary Judgment. Specifically, Alcaraz-Barajas moves to strike paragraph 5a to 5c of the Verified Complaint because they are hearsay and not based upon personal knowledge.

2. The United States responds by noting that the Verified Complaint is submitted to show that the United States has probable cause for seizure. The United States may seize property based only on probable cause. See United States v. Melrose East Subdivision, 357 F.3d 493, 504 (5th Cir 2004). See also 18 U.S.C. § 981(b)(2). Of course hearsay is admissible to establish probable cause.

3. The Second Motion for Summary Judgment seeks judgment on the issue that Alcaraz-Barajas lacks Article III standing and therefore the court lacks jurisdiction to consider his claim. To that end, the United States primarily relies upon Alcaraz-Barajas' own affidavit wherein he admits that he is not the owner of the Defendant currency. <u>See</u> Affidavit of Alcaraz-Barajas dated December 29, 2005.

This affidavit conclusively establishes that Alcaraz-Barajas will not suffer any loss from the forfeiture of the currency.

4. The United States need not establish that the property is subject to forfeiture in order to seek summary judgment on the issue of standing. Standing is a threshold question which determines the court's power to entertain the suit, that is the claim. <u>Via Mat International South American, Ltd. v. United States</u>, 446 F.3d 1258, 1262 (11th Cir 2006). At the outset a claimant must show a sufficient interest to satisfy Article III standing. <u>United States v. 1998 BMW "I" Convertible</u>, 235 F.3d 397, 399 (8th Cir 2000). Although the government bears the initial burden of proving probable cause, it does not bear that burden until a claimant makes a valid claim of a cognizable interest. <u>United States v. $38,000.00 in U.S. Currency</u>, 816 F.2d 1538, 1543 n.12 (11th Cir 1987).

5. For the reasons cited, the Motion to Strike should be denied.

Respectfully submitted this 2nd day of October, 2007.

    FOR THE UNITED STATES ATTORNEY
    LEURA G. CANARY


/s/ John T. Harmon
John T. Harmon
Assistant United States Attorney
Bar Number: 7068-II58J
Office of the United States Attorney
Middle District of Alabama
131 Clayton Street
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Bruce Maddox.**

/s/ John T. Harmon
John T. Harmon
Assistant United States Attorney