IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO.: 2:06-cv-116-MEF |
| ) | |
| FIVE HUNDRED FORTY-THREE ) | |
| THOUSAND ONE HUNDRED NINETY ) | |
| DOLLARS ($543,190.00) IN UNITED ) | |
| STATES CURRENCY, ) | |
| ) | |
| DEFENDANT. ) | |

## **ORDER**

This is an action to forfeit and condemn to the use and benefit of the United States of America $543,190.00 in United States currency, which was seized on August 29, 2005. Now pending before this Court are the several motions, but this Order addresses only the two most recently filed motions: the Motion for Expansion of Time to File Supporting Documents (Doc. # 69) filed on October 5, 2007 by Claimant Enrique Alcaraz-Barajas and the Claimant's Second Motion for Summary Judgment (Doc. # 70).

Under the Federal Rules of Civil Procedure, the parties were free to commence discovery in this case after they conducted their parties' planning meeting in November of 2006.[1] This case was initially set for trial on September 17, 2007. As early as November 16, 2006, the parties were on notice that dispositive motion were due to be filed no later than

---

[1] Of course, the parties could have conducted discovery even earlier by agreement or by seeking leave of court.

May 18, 2007. Nevertheless, it appears that Claimant Enrique Alcaraz-Barajas failed to conduct the discovery he knew he would need by the May 18, 2007 dispositive motion deadline.

On May 18, 2007, Claimant Enrique Alcaraz-Barajas filed a conclusory Motion for Summary Judgment (Doc. # 37). This motion was not supported by a brief or proper legal argument, nor was it supported by *any* evidentiary submissions. Indeed, in this motion Claimant Enrique Alcaraz-Barajas requested the Court to "hold" the motion pending "further discovery, filings, and ruling." This request is a rather surprising one given that the November 16, 2006 Uniform Scheduling Order (Doc. # 25) clearly states:

> Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **May 18, 2007**. A brief and all supporting evidence shall be filed with any such motion.

In the Court's view, the Uniform Scheduling Order makes it quite plain that a litigant should not plan on filing a bare-bones motion by the deadline and submitting briefs or evidence in support of it at a later date.

Faced with incomplete and deficient summary judgment submissions and other issues, the Court decided to continue the case to a later trial term and to allow the parties an opportunity to resubmit proper motions at a later date. In so doing, the Court advised the parties that the factual record before it was woefully inadequate and that, in its view, the parties had failed to offer appropriate legal argument in support of many of their requests for relief. *See* Doc. # 50. Furthermore, the Court specifically cautioned the parties about future

submissions in support of motions for summary judgment:

> The Court encourages the parties to think carefully about the content of the dispositive motions before filing them. The Court expects all further briefs submitted in support of and in opposition to any motion filed in this case to contain carefully researched and clearly articulated arguments based on properly cited legal authorities. *The Court further expects that motions for summary judgment will be supported by appropriate evidentiary submissions.*

Doc. # 50. The Court entered a new Uniform Scheduling Order setting a deadline of October 5, 2007 for the filing of dispositive motions, properly supported by briefs and evidentiary submissions. *See* Doc. # 51.

For reasons this Court cannot fully fathom, on October 5, 2007, deadline for dispositive motions, Claimant Enrique Alcaraz-Barajas filed another conclusory motion for summary judgment without a supporting brief and without supporting evidentiary materials. This motion fails to comply with the requirements of the Uniform Scheduling Order or the Court's Order (Doc. # 50) of June 11, 2007. The Motion also seeks summary judgment in favor of the Claimant pursuant to Federal Rule of Civil Procedure 56.1, a rule that does not exist in the Federal Rules of Civil Procedure. At the same time that Claimant Enrique Alcaraz-Barajas filed his second deficient summary judgment motion, he filed a Motion for Expansion of Time to File Supporting Documents (Doc. # 69). By this motion, he seeks an additional forty-five days to file documents relating to all pending motions, but asks that the current trial setting remain. While such a request for a continuance would obviously be more convenient for Claimant, it would seriously hamper this Court's ability to consider the many

pending motions in this case prior to the current trial setting. Claimant Enrique Alcaraz-Barajas predicates the requested delay on the fact that the deposition of a witness in this case whose identity has long been apparent to all concerned was not taken until October 3, 2007. Consequently, the deposition transcript will not be available for some time. What Claimant Enrique Alcaraz-Barajas fails to address is why this deposition was not taken sooner.

In this Court's view, Claimant Enrique Alcaraz-Barajas has utterly failed to show good cause for the relief he seeks in his Motion for Expansion of Time to File Supporting Documents (Doc. # 69). It is tempting at this juncture to deny that motion and to deny Claimant's Second Motion for Summary Judgment because it fails to comply with the express Orders of this Court. Nevertheless, the Court will allow Claimant Enrique Alcaraz-Barajas some limited relief.

For the foregoing reasons it is hereby ORDERED as follows:

1. Motion for Expansion of Time to File Supporting Documents (Doc. # 69) is GRANTED in part and DENIED in part.

2. On or before **November 9, 2007**, Claimant shall file all evidentiary submissions in support of Claimant's Second Motion for Summary Judgment (Doc. # 70). Claimant is advised that this deadline will not be extended absent extraordinary circumstances.

3. On or before **November 9, 2007,** Claimant shall file a brief in support of Claimant's Second Motion for Summary Judgment (Doc. # 70), which brief shall set forth the specific legal bases for the motion and all legal authority for the relief sought. Claimant

is advised that this deadline will not be extended absent extraordinary circumstances.

4. After Claimant files his supplemental submissions in support of his Second Motion for Summary Judgment, the Court will set a deadline for a response to this motion.

5. Nothing in this Order shall be construed in any way to extend the period of time for any further submissions on the United States of America's Second Motion for Summary Judgment (Doc. # 53), which motion is currently under submission and ready for a ruling.

6. Counsel for Claimant Enrique Alcaraz-Barajas is advised that he may not file unsupported motions for summary judgment in any future cases he has before the undersigned. The Court expects full compliance with the requirements of its Uniform Scheduling Orders.

DONE this the 9th day of October, 2007.

                                          /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE