IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 2:06-CV-00116-MEF |
| | * | |
| FIVE HUNDRED FORTY-THREE THOUSAND ONE HUNDRED NINETY DOLLARS ($543,190.00 in United States Currency) | * * * * | |
| Defendant. | * | |
| and | * | |
| | * | |
| ENRIQUE ALCARAZ-BARAJAS, | * | |
| | * | |
| Claimant. | * | |

**BRIEF IN SUPPORT OF
STANDING OF CLAIMANT**

**Alcaraz-Barajas has Standing to Contest this Forfeiture under Article III of the United States Constitution.**

Article III standing allows a claimant with legally cognizable interests in seized property to contest the forfeiture of that property. Once a claimant demonstrates a sufficient interest in the property, courts have jurisdiction to consider their claims. While Article III standing is a requirement to establish federal jurisdiction, the threshold to challenge forfeiture is not high. Proof of ownership of seized property is evidence, in itself, of the existence of an injury sufficient to confer standing. However, it is also well established in the Eleventh Circuit that ownership is not required to establish standing. Non-owners with a colorable interest in property, such as bailees or those with a possessory interest, have Article III standing to defend against injuries resulting from forfeiture. *Via Mat International South America Ltd. v. United States.*, 446 F.3d 1258 (11th Cir. 2006); *United States v.*

1

*$38,000 in U.S. Currency*, 816 F.2d 1538 (11th Cir. 1987).

### Alcaraz-Barajas has Article III standing as Owner of the property.

As the owner of the seized funds in this case, the Claimant, Enrique Alcaraz-Barajas, has constitutional standing under Article III to challenge the government's forfeiture action. As is well established by the United States Supreme Court, there are requirements for a party to demonstrate standing in response to a motion for summary judgment. "In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations, but must set forth b**y affidavit or other evidence specific facts which for purposes of the summary judgment motion will be taken as true."** *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 562, (1992). {Emphasis added} In his sworn affidavit, Mr. Alcaraz-Barajas details how he earned the seized funds over several years, through the operation and sale of hair care businesses. Barbers and cosmetologists often operate as a lucrative cash business, with self-employed stylists and operators paid and tipped directly by the customers. See *Bartell v Commissioner of Internal Revenue*, Tax Court Memo 1984-346 (1984) Further, ethnic hair care is a specialized market, and the growing Latino community in the United States has been identified and targeted by the beauty industry. "Room to grow: the ethnic hair care industry has potential, but growth is still slow." 43 (4) *Household & Personal Products Industry* 53 (April 1, 2006).

As the United States Supreme Court has upheld, facts and evidence uncovered in discovery are sufficient for Article III standing. *Gladstone Realtors v. Bellwood*, 441 US 91 (1978). The evidence before this court includes Mr. Alcaraz-Barajas' sworn affidavit, the deposition of Trooper Sutley, reports of other officers, and the police investigative summary. At the outset, Mr. Alcaraz claimed ownership of the Defendant property. The government's Verified Complaint, relied upon by the government's Motion for Summary Judgment, acknowledges this. In Paragraph 5 (b) it states as follows: "Two duffle bags, one red and one black, were found in the back of the vehicle. Alcaraz-Barajas claimed ownership of the bags and gave the Trooper consent to search them."

## Alcaraz-Barajas has Article III Standing based upon His Possession, Dominion, and Control over the Property.

Mr. Alcaraz-Barajas has submitted a sworn affidavit to this court declaring how he earned this money through legitimate business enterprises, however, even if assuming that Alcaraz-Barajas' ownership interest claims are disregarded in favor of his prior claim that the funds were "found," his interest in the funds still exceeds "naked possession" and meet the threshold for Article III standing. For decades, federal courts have held that mere possession provides the requisite standing to contest forfeiture. *United States v. Spectra Boat*, 738 F.2d 1043, 1046 (9th Cir. 1984). Possession generally means more that mere custody. *United States v. One OX-5 American Eagle Airplane*, 38 F.2d 106, 108 (W.D. Washington 1930). Possession implies custody plus a right or interest of proprietorship, i.e. a domination or supremacy of authority over the property in question. *Mercado v. U.S. Custom Service et al*, 873 F.2d 641 (2nd Cir. 1989). "Possession may be either actual or constructive. It need not be exclusive or sole, but may be joint." *United States v. Wells*, 721 F.2d 1160 (8th Cir. 1983) [cites omitted]. Thus, possession as defined in these terms is sufficient to establish standing. *Mercado*, supra at page 643.

Federal courts that have examined the issue of possession for standing purposes focus on whether Claimant was present at the time and place of seizure and whether the property was taken from an area over which Claimant has dominion and control. In this case, Mr. Alcaraz-Barajas was present at the time of seizure and in control of the property seized.

Also, significantly, where a Claimant asserts both a possessory and ownership interest, standing has consistently been allowed. See *United States v. $191,910 in United States Currency*, 16 F.3d 1051 (9th Cir. 1994) (money seized pursuant to dog alert on luggage in Claimant's possession, plus claim of part ownership); *United States v. $38,570 in United States Currency*, 950 F.2d 1108 (5th Cir. 1992) (Claimant's presence at scene of seizure, some dominion over money, and claim of ownership); *United States v. $260,242*, 919 F.2d 686 (11th Cir. 1990) (claim of ownership plus constructive possession of

3

cash seized from Claimant's truck); *United States v. $68,580 in United States Currency*, 815 F. Supp. 1479 (M.D. Ga. 1993) (claim of ownership plus evidence of dominion over money).

In *$38,570*, *supra*, the Fifth Circuit found that Claimant had standing because he claimed an ownership interest and had possession of the currency when it was seized. There, Claimant was present when the currency was seized from a *passenger* in his car. The Fifth Circuit Court of Appeals stressed that the Claimant did not have to come forward with additional evidence of ownership, because the Government had admitted that Claimant was present at the time and place of seizure in its complaint. *Id*. at 1113.

The Eleventh Circuit has previously recognized that a possessory interest alone, whether actual or constructive, is constitutionally sufficient to confer standing to contest a civil forfeiture action. See *United States v. $38,000*, supra at 1544; *United States v. $260,242*, 919 F.2d 686, 687-88 (11th Cir. 1990); *United States v. Twenty (20) Cashiers Checks*, 897 F.2d 1567, 1571 (11th Cir. 1990). Other circuits have reached the same conclusion. *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1148 (9th Cir. 1989); *United States v. $3,799*, 684 F.2d 674, 678 (10th Cir. 1982); *United States v. One 1945 Douglas C-54 (DC-4) Aircraft*, 604 F.2d 27, 28 (8th Cir. 1979).

United States District Courts in Alabama have also supported Article III standing based on possessory interests. In *United States v. Five Hundred Eleven Thousand Seven Hundred Eighty Dollars ($511,780) in United States Currency*, 847 F. Supp. 908, 913 (M.D. Ala. 1994), Chief Judge Thompson declared, "A claimant need not own the property in order to have Article III standing; a lesser property interest, such as the possessory interest of a bailee, is sufficient for standing." A similar ruling was made in *United States v. $22,991.00, more or less, in U.S. Currency,* 227 F. Supp. 2d 1220 (S.D. Ala. 2002). There, the court found the claimant had "standing to contest the forfeiture of the defendant currency, because she asserts that she legally owns and possesses the currency." Id. at 1236.

The evidence before this court all clearly indicates that the Alcaraz-Barajas had knowledge of

both the presence of the defendant currency and the intent to control it. As a knowing possessor of the property, Alcaraz-Barajas had asserted prior control of the property as well. He deposited the money in a safety deposit box; assigned other family members to help safeguard it; later withdrew the money; and then was personally transported the funds when stopped by Trooper Sutley on August 29, 2005.

### Alcaraz-Barajas has Article III Standing based upon Lost or Abandoned Property Law in the Jurisdiction Where the Property was Found.

Assuming the government's argument is valid, that Alcaraz-Barajas had neither an ownership interest nor substantial dominion and control over the seized property, he still maintains Article III standing under prevailing law in the jurisdiction where the funds were found. Under Florida law, lost and abandoned property is defined as follow:

> "Lost property" means all tangible personal property which does not have an identifiable owner and which has been mislaid on public property, upon a public conveyance, on premises used at the time for business purposes, or in parks, places of amusement, public recreation areas, or other places open to the public in a substantially operable, functioning condition or which has an apparent intrinsic value to the rightful owner. *Florida Statutes Annotated* § 705.101 (1)

"Abandoned property" means all tangible personal property that does not have an identifiable owner and that has been disposed on public property in a wrecked, inoperative, or partially dismantled condition or has no apparent intrinsic value to the rightful owner. *Florida Statutes Annotated* § 705.101 (2)

Alcaraz-Barajas, in his original Notice of Claim filed in relation to the seized property, stated that he found the money located in an abandoned garbage bag in Tampa, Florida. This circumstance alone, with nothing further, would have met the Article III threshold, as decided by the United States District Court for the Southern District of Florida. *United States of America v. Three Hundred Forty Seven Thousand, Five Hundred, Forty Two Dollars ($ 347,542.00) In U.S Currency*, 2001 WL 335828 (S.D. Fla., March 19, 2001) There, the claimant, Steven Chandler, relying on the definitions of lost or abandoned property under Florida law, claimed interest in a sum of money subject to a forfeiture

proceeding. Since the currency in question had no discernible owner, the property was considered to be either lost, or abandoned under Florida law. The United States' motion for summary judgment was properly denied by the court, which held that:

> "Here, the basis for Chandler's ownership interest in the currency is that he found it on a public highway, and that this act of discovered treasure is sufficient to create a property interest in the currency under Florida law. The court finds that these allegations are sufficient to allege a "facially colorable interest" in the proceedings sufficient to satisfy the case or controversy requirement of Article III..." *Id* at 3.

Further, the Court explained its rationale for granting standing to Chandler, stating that "... this act of discovered treasure is sufficient to create a property interest in the currency under Florida law, because he had become a possessor, rather than a mere custodian of the property." *Id.* The facts in the instant case are substantially similar to those addressed in *$347,542.00*. If the money was discovered in Florida by Alcaraz–Barajas, there was no discernible owner. So, the funds met the statutory definition of "lost property." Therefore, that property is considered "discovered treasure" under this rationale, thereby satisfying the Article III case and controversy requirement.

### Alcaraz-Barajas has Article III standing based upon Lost and Abandoned Property Law of the Jurisdiction Where the Property was Seized.

If the law of the jurisdiction where the property was seized is applied in this case, Alcaraz-Barajas still has sufficient possessory interest in the funds to confer Article III standing. The statutory rights and duties of finders of lost property are addressed in Title 35, Chapter 12 of the *Code of Alabama (1975)*. Finders of lost property are not required to take control of said property. However, if finders do take control, they become depositaries for the owner, with the rights and obligations afforded to depositaries for hire. *Code of Alabama (1975)* § 35-12-1. Finders are entitled to compensation for their efforts, including both a reasonable reward, and reimbursement for necessary costs and expenses incurred in the safekeeping of the property. *Code of Alabama (1975)* § 35-12-3. Under the common law, compensated depositaries have a duty to return the property in the same condition it was when

they took possession, and are liable to the owner for loss or injury to the property. A finder can absolve herself from liability to the true owner of held property by creating a bailment with a responsible person for a reasonable fee. *Code of Alabama (1975)* § 35-12-4. Unless or until the true owners come forward and demand the property, finders of lost things are entitled to keep them. *Smith v. Purvis*, 474 So. 2d 1131 (Ala. Civ. App. 1985).

Under Alabama law, if the court declares that Alcaraz-Barajas only found the Defendant currency, rather than having earned it through his hair care businesses, he still has two separate, colorable interests to confer Article III standing. First, he is liable to the true owner as a depositary. The United States contends that if Alcaraz-Barajas is asserting a possessory interest as a bailee, the absence of the bailor's identity would render that claim fatally deficient under rule G(5) (a) (iii) of the Supplemental Rules for Admiralty and Maritime Claims. However, even if assuming the government's contention has merit, the Supplemental Rules have no such requirement in regard to depositaries. Bailees and depositaries have similar legal obligations, but the language of *Code of Alabama (1975)* § 35-12-4 makes a distinction between the terms. The statute refers to depositaries becoming bailors by leaving found property with others, thereby implying that a bailment must be an intentional creation. If the Defendant property is declared to have been "found," the true owners of the money are unidentified. There can be no intentional bailor-bailee relationship with the finder. However, there is Eleventh Circuit precedent finding Article III standing not only for bailees, but for other parties with possessory interests based upon potential liability they have to bailors in regard to seized property. In *Via Mat International. supra,* the 11th Circuit Court of Appeals addressed this concern holding: "The economic harm to a party with a possessory interest in seized property, imposed by virtue of its liability to the owner of such property, can constitute a palpable injury sufficient to confer standing under Article III." *Id* at 1263. As depositaries, the statutory liability of Alabama finders to true owners of lost property is similar in nature to that of a bailee or, as in *Via Mat*, *International,* a common carrier.

7

Therefore, the potential liability of Alcaraz-Barajas as a depositary is sufficient to confer Article III standing.

Second, a security interest in property can also confer Article III standing. Alabama law creates such a security interest in found property by granting depositaries statutory rights to both reward and reimbursement. *Code of Alabama (1975)* § 35-12-3. Alcaraz-Barajas has incurred expenses in the safekeeping of the Defendant currency. These include safety deposit box rent, moving costs, and legal fees in the forfeiture proceedings. Finally, Alabama courts have interpreted the state statutes regarding found property in such a matter as to confer in Alcaraz-Barajas a possessory interest in the seized funds, second only to that of the true owner. *Smith v. Purvis*, *supra.*

Based on the foregoing, the Claimant, Enrique Alcaraz-Barajas maintains that he has sufficient Article III standing to contest the forfeiture of the Defendant currency in this action, and that the government's Motion for Summary Judgment be denied.

s/Bruce Maddox
Bruce Maddox (MAD013)
Attorney for Enrique Alcaraz-Barajas
6728 Taylor Court
Montgomery, Alabama 36117
Phone: (334) 244-7333
Fax: (334) 260-9600
retrocam@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to appropriate parties.

s/Bruce Maddox
Of Counsel