**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 2:06cv116-MEF** |
| | ) |
| **FIVE HUNDRED FORTY-THREE** | ) |
| **THOUSAND ONE HUNDRED NINETY** | ) |
| **DOLLARS ($543,190.00)** | ) |
| **IN UNITED STATES CURRENCY,** | ) |
| | ) |
| **Defendant.** | ) |

## DECREE OF FORFEITURE

Before the Court is the United States of America's ("United States") Motion for Decree of Forfeiture.

On February 7, 2006, the United States filed its Verified Complaint for Forfeiture In Rem against the Defendant Five Hundred Forty-Three Thousand One Hundred Ninety Dollars ($543,190) in United States currency (Doc. #1). The Complaint alleges that the Defendant currency was seized from Enrique Alcaraz-Barajas ("Alcaraz-Barajas") for violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*; and, therefore, the Defendant currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

It appearing that process was fully issued in this action and returned according to law:

Pursuant to a Warrant and Summons for Arrest In Rem (Doc. #2) issued by this Court, the United States Marshals Service for the Middle District of Alabama arrested the Defendant currency on March 9, 2006 (Doc. #3);

On March 16, 23 and 30, 2006, notice of this action was published in the Los Angeles Daily Journal newspaper (Doc. #4);

On March 24, 31 and April 7, 2006, notice of this action was published in the Tampa Tribune newspaper (Doc. #8);

On March 17, 24 and 31, 2006, notice of this action was published in the Montgomery Advertiser newspaper (Doc. #5);

On March 31, 2006 and April 5, 2006, a United States Marshal attempted personal service on Esther A. Sandoval (Doc. #19) at the following locations: 1022 West Highland, Apartment 8, Santa Ana, California 92703; 1136 West McFadden, Santa Ana, California 92703; and, 2308 Bristol, Santa Ana, California 92703;

On March 31, 2006, a United States Marshal attempted personal service on Guillermo Mario Martinez (Doc. #20) at 1265-B East 14th Street, Santa Ana, California 92701 and 2414 North Tustin Apartment 13, Santa Ana, California 92701;

On March 31, 2006 and April 5, 2006, a United States Marshal attempted personal service on Alcaraz-Barajas (Doc. #18) at 16411 McFadden Avenue, Apartment 302, Tustin, California 92780;

On April 28, 2006, Lakeisha Wright, secretary at the Cochran Law Firm, was personally served on behalf of Jerome C. Carter,

2

attorney for Alcaraz-Barajas (Doc. #9), with copies of the Verified Complaint for Forfeiture <u>In</u> <u>Rem</u>, the Warrant and Summons for Arrest <u>In</u> <u>Rem</u> and the Notice of Arrest and Seizure;

On or about May 12, 2006, Alcaraz-Barajas filed a claim of an interest in the Defendant currency (Doc. #7);

On or about June 1, 2006, Alcaraz-Barajas filed an answer to the Verified Complaint for Forfeiture <u>In</u> <u>Rem</u> (Doc. #11);

On April 23, 2007, the United States filed its motion for summary judgment (Doc. #26) and stated that (1) Alcaraz-Barajas lacked Article II standing to contest the forfeiture; (2) Alcaraz-Barajas lacked statutory standing to contest the forfeiture; and (3) Alcaraz-Barajas's claims were implausible and untrue;

On May 18, 2007, Alcaraz-Barajas filed a conclusory motion for summary judgment (Doc. #37) without a supporting brief, legal argument or evidentiary submissions;

On June 1, 2007, the United States filed a motion to stay adjudication (Doc. #44) of all issues in the case until after the Court's decision on the threshold issue of standing;

On August 14, 2007, the United States filed its second motion for summary judgment (Docs. #53 and #54), again raising the issue of standing;

On September 18, 2007, Alcaraz-Barajas filed a brief in opposition to the United States' second motion for summary judgment (Doc. #60) and on October 5, 2007, filed another conclusory

3

motion for summary judgment (Doc. #70) without a supporting brief and with no evidentiary submissions;

On November 9, 2007, with leave of the court, Alcaraz-Barajas filed evidentiary submissions (Doc. #73) in support of his motions for summary judgment;

On November 26, 2007, the Court issued a Memorandum Opinion and Order (Doc. #74) stating that the issue of Article III standing must be decided before any other issues in the case and further that in the circumstances of the case, standing could not be decided without an evidentiary hearing;

On January 29, 2008, the Court held an evidentiary hearing on the issues;

On February 25, 2008, having considered all the evidence before it, with the applicable legal standards in mind, this Court entered its Memorandum Opinion and Order dismissing all claims of Alcaraz-Barajas, with prejudice, for lack of Article III standing;

No other claim or answer has been filed on behalf of any other party.

Now, therefore, on motion of the United States for a Decree of Forfeiture and for good cause otherwise shown, it is hereby **ORDERED**, **ADJUDGED** and **DECREED**:

That the Defendant Five Hundred Forty-Three Thousand One Hundred Ninety Dollars ($543,190) in United States currency is forfeited to the United States, to be disposed of according to law,

4

and no right, title or interest in the Defendant currency shall exist in any other party.

That each party will bear its own costs.

DONE this the _____ day of _____, 2008.

_____
CHIEF UNITED STATES DISTRICT JUDGE